ORIGINAL

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District OF DELAWARE | |
|---|---|---|
| Name (under which you were convicted): DAMONE E. FLOWERS | | Docket or Case No.: 9808000280A |
| Place of Confinement: DELAWARE CORRECTIONAL CENTER | | Prisoner No.: 303627 |
| Petitioner (include the name under which you were convicted) DAMONE E. FLOWERS, PETITIONER, DEFENDANT. | v. | Respondent (authorized person having custody of petitioner) WARDEN THOMAS CARROLL, STATE OF DELAWARE. |
| The Attorney General of the State of DELAWARE : CARL DANBERG. | | |

## PETITION

0 6 - 3 5 6

1. (a) Name and location of court that entered the judgment of conviction you are challenging: THE
   SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.

   (b) Criminal docket or case number (if you know): 9808000280A

2. (a) Date of the judgment of conviction (if you know): OCTOBER 30, 2002.

   (b) Date of sentencing: APRIL 25, 2003.

3. Length of sentence: LIFE WITHOUT PROBATION OR PAROLE.

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   1. FIRST DEGREE MURDER - LIFE WITHOUT PROBATION OR PAROLE.
   2. POSSESSION OF FIREARM DURING COMMISSION OF FELONY - TEN YEARS LEVEL Ⅴ.

6. (a) What was your plea? (Check one)
   (1)   Not guilty ☑        (3)   Nolo contendere (no contest) ☐
   (2)   Guilty ☐            (4)   Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
   charge, what did you plead guilty to and what did you plead not guilty to? _____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

    Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _DELAWARE SUPREME COURT_

(b) Docket or case number (if you know): _NO. 264 ; 2003._

(c) Result: _CONVICTION AFFIRMED._

(d) Date of result (if you know): _AUGUST 31, 2004._

(e) Citation to the case (if you know): _858 A.2d 328 , 2004 WL 1965638 (Del. Super.)._

(f) Grounds raised: _1. THE TRIAL JUDGE ERRONEOUSLY ADMITTED AN INVOLUNTARY STATEMENT BY A WITNESS;_
_2. THE PROSECUTOR MADE UNFAIRLY PREJUDICIAL REMARKS DURING THE OPENING STATEMENT THAT WERE_
_UNSUPPORTED BY THE EVIDENCE THEREBY DIRECTLY AFFECTING THE OUTCOME OF THE TRIAL; 3. THE_
_PROSECUTOR RECKLESSLY ELICITED TESTIMONY FROM A WITNESS THAT FLOWERS HAD RECENTLY BEEN_
_RELEASED FROM "JAIL;" AND 4. A PROSECUTION WITNESS UNRESPONSIVELY DISCLOSED THAT DEFENSE_
_COUNSEL HAD REPRESENTED HIM (THE WITNESS) ON AN EARLIER WEAPONS CHARGE._

(g) Did you seek further review by a higher state court?   Yes ☐  No ☑

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☑

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _SUPERIOR COURT, NEW CASTLE COUNTY_

(2) Docket or case number (if you know): _ID # 9808000280_

(3) Date of filing (if you know): _NOVEMBER 6, 2002  AND DECEMBER 18, 2002,_

(4) Nature of the proceeding: _MOTION FOR NEW TRIAL  & MOTION FOR NEW TRIAL (WITHDRAWN)._

(5) Grounds raised: _1 THE PROSECUTOR RECKLESSLY ELICITED TESTIMONY FROM A WITNESS THAT_

_FLOWERS HAD RECENTLY BEEN RELEASED FROM "JAIL" AND 2. A PROSECUTION WITNESS UNRESPON-_

_SIVELY DISCLOSED THAT DEFENSE COUNSEL HAD REPRESENTED HIM (THE WITNESS) ON AN EARLIER_

_WEAPONS CHARGE._

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❑  No ☑

(7) Result: _MOTION DENIED._

(8) Date of result (if you know): _FEBRUARY 5, 2003._

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _SUPERIOR COURT, NEW CASTLE COUNTY._

(2) Docket or case number (if you know): _ID # 9808000280_

(3) Date of filing (if you know): _DECEMBER 18, 2002._

(4) Nature of the proceeding: _MOTION FOR NEW TRIAL_

(5) Grounds raised: _1. STATE REDUCED CHARGES AGAINST WITNESS OTHELLO PREDOUX IN EXCHANGE_

_FOR HIS COOPERATION IN VIOLATION OF BRADY AND PRESENTED THE WITNESS AT TRIAL AS A_

_COOPERATING WITNESS WITH WHOM NO DEALS HAD BEEN MADE._

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑   No ❑

(7) Result: _HEARING SCHEDULED BUT MOTION WITHDRAWN DAY OF HEARING._

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     Yes ❑   No ☑

(2) Second petition:   Yes ❑   No ☑

(3) Third petition:    Yes ❑   No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_ARGUMENTS RAISED IN FIRST MOTION FOR NEW TRIAL INCORPORATED INTO DIRECT APPEAL._

_ARGUMENTS RAISED IN SECOND(WITHDRAWN) MOTION FOR NEW TRIAL INCORPORATED INTO MOTION_

_FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR COURT CRIMINAL RULE 61._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** THE PETITIONER WAS DENIED A FAIR TRIAL IN VIOLATION OF HIS 5TH AND 14TH AMENDMENT RIGHTS DUE TO THE STATE PROSECUTOR'S MISCONDUCT, ALONG WITH CHIEF INVESTIGATOR DT. BROCK PROFESSIONAL MISCONDUCT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): STATE PROSECUTORS CYNTHIA KELSEY AND JAMES RAMBO ALONG WITH CHIEF INVESTIGATOR DT. BROCK SYSTEMATICALLY APPROACHED MEN AND WOMEN WHO LIVED ON AND/OR FREQUENTED THE AREA OF 22ND AND LAMOTTE STREETS IN WILMINGTON DELAWARE. AFTER THESE MEN AND WOMEN HAD BEEN ARRESTED OR HAD PENDING SERIOUS CRIMINAL CHARGES AND PROPOSITIONED THESE MEN AND WOMEN TO MAKE DAMAG-ING STATEMENTS AGAINST THE PETITIONER IN EXCHANGE FOR LENIENCY, DEALS OR REDUCED PLEAS REGARDING THEIR CRIMINAL CHARGES.

(b) If you did not exhaust your state remedies on Ground One, explain why: SEE ATTACHED BRIEF IN SUPPORT FOR EXCUSION OF EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: EVIDENCE AND INFORMATION REGARDING THE STATE'S CORRUPTIVE PRACTICE DID NOT BECOME DISCLOSED UNTIL AFTER TRIAL AND DIRECT APPEAL, DUE IN PART TO THE STATE'S SUPPRESSION OF EXCULPATORY EVIDENCE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C.C. RULE 6l.

Name and location of the court where the motion or petition was filed: SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.

Page 7

Docket or case number (if you know): _No. 9808000280A; #108._

Date of the court's decision: _DECEMBER 13, 2005_

Result (attach a copy of the court's opinion or order, if available): _COURTS ORDER ATTACHED._

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _DELAWARE SUPREME COURT, DOVER, DELAWARE 19903_

Docket or case number (if you know): _No. 30, 2006_

Date of the court's decision: _SEE ATTACHED BRIEF._

Result (attach a copy of the court's opinion or order, if available): _SEE ATTACHED ORDER AND BRIEF_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _SEE ATTACHED BRIEF._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** _THE PETITIONER WAS DENIED A FAIR TRIAL IN VIOLATION OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS DUE TO THE STATE PROSECUTOR'S MISCONDUCT._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _THE STATE PROSECUTOR'S, CYNTHIA KELSEY AND JAMES RAMBO, EXTENDED REDUCED PLEAS TO WITNESS OTHELLO PREDOUX REGARDING HIS TWO SETS OF CRIMINAL CHARGES IN EXCHANGE FOR A DAMAGING STATEMENT AGAINST THE PETITIONER AND PREDOUX' WILLINGNESS TO TESTIFY AT PETITIONER'S TRIAL, AND ULTIMATELY SUPPRESSED THIS EXCULPATORY EVIDENCE PRESENTING PREDOUX TO THE JURY AS A WITNESS_

WITH WHOM NO DEALS HAD BEEN MADE.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _SEE ATTACHED BRIEF._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _ONE SET OF PREDOUX' CHARGES WERE RESOLVED AFTER TRIAL AND SUPPRESSED EVIDENCE OF BENEFITS EXTENDED TO ANOTHER WITNESS SURFACED AFTER DIRECT APPEAL WAS FINALIZED._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _MOTION FOR POST CONVICTION PURSUANT TO SUPERIOR C.C. RULE 61._

Name and location of the court where the motion or petition was filed: _SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE._

Docket or case number (if you know): _No. 9808000280 ;         #108_

Date of the court's decision: _DECEMBER 13, 2005_

Result (attach a copy of the court's opinion or order, if available): _COURT'S ORDER ATTACHED_

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _DELAWARE SUPREME COURT, KENT COUNTY IN AND FOR THE STATE OF DELAWARE._

Docket or case number (if you know): _No. 30, 2006_

Date of the court's decision: _SEE ATTACHED BRIEF._

Result (attach a copy of the court's opinion or order, if available): _SEE ATTACHED ORDER AND BRIEF._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _SEE ATTACHED BRIEF._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

**GROUND THREE:** _THE PETITIONER WAS DENIED A FAIR TRIAL IN VIOLATION OF HIS 5TH AND 14TH AMENDMENT RIGHTS DUE TO THE STATE PROSECUTOR'S MISCONDUCT._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _STATE PROSECUTORS, CYNTHIA KELSEY AND JAMES RAMBO, DELIBERATELY MISLEAD THE COURT CREATING, A LAST MINUTE ISSUE IN ORDER TO DELAY THE PETITIONER'S MAY 7, 2002, TRIAL PROCEEDINGS IN ORDER TO BUY MORE TIME TO FURTHER DEVELOP OTHELLO PREDOUX AS A DAMAGING STATE WITNESS IN VIOLATION OF THE PETITIONER'S DUE PROCESS RIGHTS._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _SEE ATTACHED BRIEF._

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _THE STATE'S CORRUPTIVE PRACTICE FORWARDED IN GROUND ONE, DID NOT BECOME APPARENT UNTIL AFTER TRIAL AND DIRECT APPEAL. THE COURT AS WELL AS THE DEFENSE WAS IN THE DARK AS TO EXACTLEY HOW PREDOUX CAME TO BE A STATE WITNESS,_

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C.C. RULE 61.

Name and location of the court where the motion or petition was filed: SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR DELAWARE.

Docket or case number (if you know): No. 9808000280A ;      #108

Date of the court's decision: DECEMBER 13, 2005

Result (attach a copy of the court's opinion or order, if available): COURT ORDER ATTACHED.

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: DELAWARE SUPREME COURT, KENT COUNTY IN AND FOR THE STATE OF DELAWARE.

Docket or case number (if you know): No. 30, 2006.

Date of the court's decision: See Attached BRIEF.

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED BRIEF AND ORDER.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: SEE ATTACHED BRIEF.

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** *THE PETITIONER WAS DENIED A FAIR TRIAL IN VIOLATION OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS DUE TO THE STATE PROSECUTOR'S MISCONDUCT.*

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
*THE STATE PROSECUTOR'S, CYNTHIA KELSEY AND JAMES RAMBO, REPEATEDLY SUGGESTED AND INSINUATED THAT THE PETITIONER WAS A MEMBER OF AN ALLEGED "DEUCE-DEUCE" GROUP/GANG AND HAD MEMBERS OF THIS ALLEGED GROUP/GANG APPROACH STATE WITNESSES ON THE STREET PRIOR TO TRIAL IN ORDER TO INTIMIDATE OR COERCE THEM WHEN THOSE PREJUDICIAL SUGGESTIONS WERE NOT SUPPORTED BY ANY COMPETENT EVIDENCE.*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *SEE ATTACHED BRIEF FOR EXCUSION OF EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS.*

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☑  No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: *SEE GROUND FOUR AND GROUND FIFTEEN IN PETITIONER'S BRIEF FOR THOROUGH EXPLANATION.*

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☑ No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: *MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C. CR. RULE 61.*

   Name and location of the court where the motion or petition was filed: *SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.*

   Docket or case number (if you know): *NO. 9808000280 ;      #108*

   Date of the court's decision: *DECEMBER 13, 2005*

   Result (attach a copy of the court's opinion or order, if available): *COURT ORDER ATTACHED.*

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐  No ☑

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _DELAWARE SUPREME COURT,_

_KENT COUNTY IN AND FOR THE STATE OF DELAWARE._

Docket or case number (if you know): _No. 30, 2006_

Date of the court's decision: _See ATTACHED BRIEF._

Result(attach a copy of the court's opinion or order, if available): _SEE ATTACHED ORDER AND BRIEF._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _SEE ATTACHED BRIEF._

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

GROUND FIVE: _THE PETITIONER WAS DENIED A FAIR TRIAL IN VIOLATION OF HIS FIFTH AND_

_FOURTEENTH AMENDMENT RIGHTS WHEN THE TRIAL JUDGE ABUSED DISCRETION FAILING TO GIVE SUA SPONTE CURATIVE INSTRUCTION._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_THE TRIAL JUDGE ABUSED DISCRETION BY NOT GIVING A, SUA SPONTE, CURATIVE INSTRUCTION TO THE JURY_

_AFTER A BAILIFF'S UNAUTHORIZED EJECTIONS OF THE PETITIONER'S FAMILY AND FRIEND FROM THE COURTROOM_

_IN PLAIN VIEW OF THE JURY. THE BAILIFF'S UNAUTHORIZED EJECTIONS PREJUDICED THE PETITIONER BECAUSE THOSE_

EJECTED WERE SEATED DIRECTLY BEHIND THE PETITIONER IN THE SECTION RESERVED FOR HIS FAMILY AND FRIENDS AND WAS DONE IN A VERY NONDISCREET AND DISRESPECTFUL MANNER THAT CAUSED A **NEGATIVE** DISRUPTION, IN LIGHT OF THE STATE'S PREJUDICIAL ARGUMENTS THAT THE PETITIONER WAS A "DOUBLE-DEUCE" GROUP/GANG MEMBER.

(b) If you did not exhaust your state remedies on Ground Five, explain why: SEE ATTACHED BRIEF.

_____

_____

_____

(c) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: DEFENSE COUNSEL FAILED TO OBJECT TO THE ISSUE AT TRIAL AND FAILED TO RAISE ISSUE ON DIRECT APPEAL. SEE GROUND ELEVEN.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑ No ☐

(2) If your answer to Question (d)(i) is "Yes," state:

Type of motion or petition: MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C. CR. RULE 61.

Name and location of the court where the motion or petition was filed: SUPERIOR COURT NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.

Docket or case number (if you know): No. 9808000280;    #108

Date of the court's decision: DECEMBER 13, 2005.

Result (attach a copy of the court's opinion or order, if available): COURT ORDER ATTACHED.

_____

(3) Did you receive a hearing on your motion or petition?   Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition

Yes ☒    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: DELAWARE SUPREME COURT,

KENT COUNTY IN AND FOR THE STATE OF DELAWARE.

Docket or case number (if you know): No. 30, 2006.

Date of the court's decision: SEE ATTACHED BRIEF.

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED ORDER AND
BRIEF.


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue: SEE ATTACHED BRIEF.




(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Five: _____




GROUND SIX : THE CUMULATIVE ERRORS COMMITTED DURINGS THE PETITIONER'S TRIAL, THREE OF
WHICH PROMPTED MISTRIAL APPLICATIONS, VIOLATED DUE PROCESS CAUSING THE TRIAL TO BE FUNDAMENTALLY UNFAIR.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE THREE ERRORS COMMITTED DURING TRIAL, WHICH REVEALED DEFENSE COUNSEL'S PRIOR REPRESENTATION

OF A STATE WITNESS IN THE MISDT OF AN INTENSE CROSS EXAMINATION, REVEALED THE PETITIONER'S

PRIOR TROUBLE WITH THE LAW AND THE STATE'S ELICITATION OF HEARSAY FROM ITS CHIEF INVESTIGATOR

CUMULATIVELY AMOUNT TO PLAIN ERROR THAT DENIED THE PETITIONER DUE PROCESS.

(b) If you did not exhaust your state remedies on Ground Six, explain why: SEE ATTACHED BRIEF

IN SUPPORT FOR EXCLUSION OF EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS.

(c) Direct Appeal of Ground Six:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☑   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: THE FIRST TWO ERRORS WERE

   INCLUDED IN THE DIRECT APPEAL, CUMULATIVE ERRORS ARGUMENT FORWARDED POST APPEAL.

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

   state trial court?   Yes ☑   No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C. CR. RULE 61.

   Name and location of the court where the motion or petition was filed: SUPERIOR COURT, KENT

   COUNTY IN AND FOR THE STATE OF DELAWARE.

   Docket or case number (if you know): No. 9808000280;   #108

   Date of the court's decision: DECEMBER 13, 2005.

   Result (attach a copy of the court's opinion or order, if available): COURT ORDER ATTACHED

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>DELAWARE SUPREME COURT, KENT</u>

<u>COUNTY IN AND FOR THE STATE OF DELAWARE.</u>

Docket or case number (if you know): <u>No. 30, 2006.</u>

Date of the court's decision: <u>SEE ATTACHED BRIEF.</u>

Result (attach a copy of the court's opinion or order, if available): <u>SEE ATTACHED ORDER AND</u>

<u>BRIEF.</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: <u>SEE ATTACHED BRIEF.</u>

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: _____

GROUND SEVEN: <u>THE PETITIONER'S CONSTITUTIONAL RIGHT WITHIN THE SIXTH AMENDMENT'S CONFRONTATION</u>

<u>CLAUSE WERE VIOLATED DUE TO THE LACK OF EFFECTIVE CROSS EXAMINATION OF THREE OF THE STATE'S FIVE EYEWITNESSES.</u>

Result (attach a copy of the court's opinion or order, if available): <u>COURT ORDER ATTACHED.</u>

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

    Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>DELAWARE SUPREME COURT,</u>

<u>KENT COUNTY IN AND FOR THE STATE OF DELAWARE.</u>

Docket or case number (if you know): <u>No. 30, 2006</u>

Date of the court's decision: <u>SEE ATTACHED BRIEF.</u>

Result (attach a copy of the court's opinion or order, if available): <u>SEE ATTACHED ORDER AND</u>

<u>BRIEF.</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>SEE ATTACHED BRIEF.</u>

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:

GROUND EIGHT : THE PETITIONER WAS DENIED DUE PROCESS IN VIOLATION OF HIS 5TH AND 14TH AMENDMENT RIGHTS DUE TO THE STATE'S ELICITATION AND UTILIZATION OF FALSE TESTIMONY TO OBTAIN A CONVICTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE STATE ELICITED A FALSE DECLARATION FROM EYEWITNESS OTHELLO PREDOUX REGARDING THE DISPOSITION OF HIS CRIMINAL CHARGES IN LIGHT OF NEW EVIDENCE THAT PROVES THAT THE STATE EXTENDED BENEFITS TO ITS COOPERATING WITNESSES. THE STATE LIED TO THE JURY CONCERNING THE NATURE AND NUMBER OF PEOPLE WHO IDENTIFIED ANOTHER SHOOTER ON THE NIGHT IN QUESTION.

(b) If you did not exhaust your state remedies on Ground Eight, explain why: SEE ATTACHED BRIEF.

(c) Direct Appeal of Ground Eight :

(1) If you appealed from the judgment of conviction, did you raise this issue ?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why : NEW EVIDENCE CAME TO LIGHT AFTER THE TRIAL AND APPEAL THAT DISPELLED THE STATE'S TRIAL POSITION.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition : MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C. CR. RULE 61.

Name and location of the court where the motion or petition was filed : SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.

PAGE 20

Docket or case number (if you know): No. 9808000280; #108

Date of the court's decision: DECEMBER 13, 2005

Result (attach a copy of the court's opinion or order, if available): COURT ORDER ATTACHED.

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state: _____

Name and location of the court where the appeal was filed: DELAWARE SUPREME COURT,

KENT COUNTY IN AND FOR THE STATE OF DELAWARE

Docket or case number (if you know): No. 30, 2006

Date of the court's decision: SEE ATTACHED BRIEF.

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED ORDER AND

BRIEF.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: SEE ATTACHED BRIEF.

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Eight: _____

GROUND NINE: <u>THE STATE COMMITTED A BRADY VIOLATION BY WITHHOLDING EXCULPATORY BRADY EVIDENCE AFTER MULTIPLE GENERAL AND SPECIFIC REQUEST FROM THE PETITIONER, WHICH PRECLUDED ITS USE AT TRIAL, VIOLATING DUE PROCESS.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>THE STATE NOTIFIED THE PETITIONER ON FOUR SEPERATE OCCASSIONS ABOUT FOUR SEPERATE MEN WHO HAD BEEN INTERVIEWED BY THE STATE'S INVESTIGATORS AND HAD GIVEN EXCULPATORY BRADY STATEMENTS IN WHICH THEY INDICATED THAT THE PETITIONER WAS NOT THE SHOOTER ON THE NIGHT IN QUESTION OR IDENTIFIED AN ADDITIONAL SHOOTER BESIDES THE PETITIONER. THE STATE WITHHELD THE EXCULPATORY EVIDENCE AFTER REPEATED GENERAL AND SPECIFIC REQUEST FROM THE PETITIONER WHICH ITS USE AT TRIAL.</u>

(b) If you did not exhaust your state remedies on Ground Nine, explain why: <u>SEE ATTACHED BRIEF IN SUPPORT FOR EXCUSION OF EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS.</u>

(c) Direct Appeal of Ground Nine:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: <u>DEFENSE COUNSEL ALERTED THE PETITIONER TO THE WITHHELD EVIDENCE AFTER INQUIRY, AFTER THE DIRECT APPEAL WAS FINALIZED.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR C.CR. RULE 61.</u>

Name and location of the court where the motion or petition was filed: <u>SUPERIOR COURT, NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.</u>

Docket or case number (if you know): <u>No. 9808000280;</u>    #108

Date of the court's decision: DECEMBER 13, 2005

Result (attach a copy of the court's opinion or order, if available): COURT DOCKET ATTACHED

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: DELAWARE SUPREME COURT,  KENT

COUNTY IN AND FOR THE STATE OF DELAWARE.

Docket or case number (if you know): No. 30, 2006

Date of the court's decision: SEE ATTACHED BRIEF.

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED ORDER AND BRIEF.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

SEE ATTACHED BRIEF.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine :

Docket or case number (if you know): <u>No. 9808000280;</u>   #<u>108</u>

Date of the court's decision <u>DECEMBER 13, 2005</u>

Result (attach a copy of the court's opinion or order, if available): <u>COURT ORDER ATTACHED.</u>

(3) Did you receive a hearing on your motion or petition?

    Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?

    Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>DELAWARE SUPREME COURT, KENT</u>
<u>COUNTY IN AND THE STATE OF DELAWARE.</u>

Docket or case number (if you know): <u>No. 30, 2006</u>

Date of the court's decision: <u>SEE ATTACHED BRIEF.</u>

Result (attach a copy of the court's opinion or order, if available): <u>SEE ATTACHED ORDER AND</u>
<u>BRIEF.</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>SEE ATTACHED BRIEF.</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten:

**GROUND ELEVEN**: <u>THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO DUE PROCESS DUE TO</u>
<u>INEFFECTIVE ASSISTANCE OF COUNSEL.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>DEFENSE COUNSEL COMMITTED EIGHT DEFICIENCIES BEFORE DURING AND AFTER THE PETITIONER'S TRIAL. THE EIGHT</u>
<u>DEFICIENCIES CONSTITUTES A CHRONOLOGICAL LIST OF ERRORS. FIRST, IN PRE-TRIAL DECISION MAKING COUNSEL DECIDED</u>
<u>NOT TO HIRE A DRUG & IDENTIFICATION EXPERT. SECOND, DURING THE TRIAL COUNSEL ABANDONED THE PETITIONER'S CASE BY</u>
<u>THE LAST MINUTE DECISION NOT TO PRESENT THE PRE-AGREED UPON DEFENSE, COUNSEL FAILED TO OBJECT TO THE ADMISSION OF UN-</u>
<u>RELIABLE PRE-TRIAL IDENTIFICATIONS, COUNSEL FAILED TO OBJECT TO THE BAILIFF'S UNAUTHORIZED COURTROOM ELECTIONS</u>
<u>COUNSEL FAILED TO ADDRESS THE PETITIONER'S FLIGHT AND FAILED TO REQUEST JURY INSTRUCTIONS. FINALLY, DEFENSE</u>
<u>COUNSEL WITHDREW A MOTION FOR NEW TRIAL, ON THE DAY OF THE SCHEDULED HEARING FOR THE MOTION. . . .</u>

(b) If you did not exhaust your state remedies on Ground Eleven, explain why: <u>SEE ATTACHED BRIEF</u>
<u>IN SUPPORT FOR EXCUSION OF EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS.</u>

_____

_____

_____

(c) Direct Appeal of Ground Eleven :

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
<u>CLAIMS CANNOT BE RAISED ON DIRECT APPEAL.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?   Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR COURT CR RULE 61.</u>

Name and location of the court where the motion or petition was filed: <u>SUPERIOR COURT,</u>
<u>NEW CASTLE COUNTY IN AND FOR THE STATE OF DELAWARE.</u>

Docket or case number (if you know): No. 9808000280;  #108

Date of the court's decision: December 13, 2005

Result (attach a copy of the court's opinion or order, if available): COURT ORDER ATTACHED.

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: DELAWARE SUPREME COURT, KENT COUNTY IN AND FOR THE STATE OF DELAWARE.

Docket or case number (if you know): No. 30, 2006

Date of the court's decision: SEE ATTACHED BRIEF.

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED ORDER AND BRIEF.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: SEE ATTACHED BRIEF.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven: _____

GROUND TWELVE: THE ADMISSION OF THE INVOLUNTARY TAPED STATEMENT OF RONETTA SUDLER PURSUANT

TO TITLE 11 DEL. CODE ³ 3507 VIOLATED THE PETITIONER'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO FAIR TRIAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

CHIEF INVESTIGATOR DT. ANDREW BROCK THREATENED TO HAVE RONETTA SUDLER'S CHILDREN TAKEN AWAY FROM HER,

THREATENED TO SEND HER TO JAIL FOR VIOLATION OF PROBATION, THREATENED TO CHARGE HER WITH HINDERING PROSECUTION,

IMPLICITLY IMPLIED THAT HE COULD HELP HER OUT WITH THAT VIOLATION OF PROBATION, PROMISED HER THAT SHE WOULD

NOT HAVE TO TESTIFY IF SHE MADE A STATEMENT AND FAILED TO INFORM HER THAT HER STATEMENT WAS BEING VIDEOTAPED.

THESE THREATS & PROMISES COUPLED WITH SUDLER'S LONG STANDING DRUG & ALCOHOL ABUSE, AND THE FACT THAT SHE WAS

UNDER THE INFLUENCE AT THE TIME SHE GAVE HER STATEMENT SUPPORTS THE ARGUMENT THAT HER STATEMENT WAS INVOLUNTARILY GIVEN.

(b) If you did not exhaust your state remedies on Ground Twelve, explain why: EXHAUSTED STATE

REMEDIES ON THIS GROUND.

(c) Direct Appeal of Ground Twelve:

  (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☑  No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state

  trial court?  Yes ☐  No ☑

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

   Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Thirteen:

_____

_____

_____

GROUND FOURTEEN : <u>THE NON-RESPONSIVE, FLIPPANT COMMENT BY A CRUCIAL STATE WITNESS THAT DEFENSE COUNSEL</u>

<u>HAD PREVIOUSLY REPRESENTED HIM ON A CRIMINAL CHARGE) EVISCERATED COUNSEL'S CREDIBILITY AND DENIED PETITIONER A FAIR TRIAL.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>IN THE MISDT OF AN INTENSE CROSS EXAMINATION OF STATE'S WITNESS OTHELLO PREDOUX, PREDOUX GAVE A</u>

<u>FLIPPANT, NON-RESPONSIVE ANSWER THAT REVEALED TO THE JURY THAT COUNSEL HAD REPRESENTED THE WITNESS</u>

<u>ON THE EXACT CHARGES HE (COUNSEL) WAS ATTACKING HIS CREDIBILITY THROUGH. THE REVELATION DESTROYED</u>

<u>COUNSEL'S CREDIBILITY WITH THE JURY.</u>

(b) If you did not exhaust your state remedies on Ground Fourteen, explain why: <u>EXHAUSTED STATE</u>

<u>REMEDIES ON THIS GROUND.</u>

(c) Direct Appeal of Ground Fourteen:

  (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☑   No ☐

  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why : _____

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus

  in a state trial court?   Yes ☐   No ☑

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition : _____

  Name and location of the court where the motion or petition was filed : _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____    _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____    _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____    _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue: _____

_____    _____

_____    _____

_____    _____

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Fourteen:

_____    _____

_____    _____

_____    _____

Docket or case number (if you know) : _____ _____

Date of the court's decision : _____

Result (attach a copy of the court's opinion or order, if available): _____ _____

_____

(3) Did you receive a hearing on your motion or petition ?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition ?

    Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal ?

    Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed : _____

_____

Docket or case number (if you know) : _____ _____

Date of the court's decision : _____

Result (attach a copy of the court's opinion or order, if available): _____ _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ _____ _____

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Fifteen:

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐    No ☑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: <u>SEE ATTACHED BRIEF IN SUPPORT FOR EXCUSION OF EXHAUSTED</u> <u>BUT PROCEDURALLY DEFAULTED CLAIMS .</u>

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>SEE ATTACHED BRIEF IN SUPPORT FOR EXCUSION OF EXHAUSTED</u> <u>BUT PROCEDURALLY DEFAULTED CLAIMS.</u>

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ❑    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ___ _____ _____ _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: DAVID FACCIOLO ESQ. (ADDRESSED IN WILMINGTON UNKNOWN)

_____

(b) At arraignment and plea: DAVID FACCIOLO ESQ. SUBSEQUENTLY FILED CONFLICT OF INTEREST LETTER.

THOMAS PEDERSEN ESQ., 2 N. RACE ST. GEORGETOWN, DE., APPOINTED AS CONFLICT ATTORNEY.

(c) At trial: MR. EUGENE J. MAURER JR. P.A., 1201-A KING ST. ; WILMINGTON, DE.

_____

(d) At sentencing: EUGENE J. MAURER JR. P.A., 1201-A KING ST.; WILMINGTON, DE.

_____

(e) On appeal: EUGENE J. MAURER JR. P.A., 1201-A KING ST., WILMINGTON, DE.

_____

(f) In any post-conviction proceeding: PRO SE

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: PRO SE

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❑    No ☒

Case 1:06-cv-00356-GMS    Document 2    Filed 05/30/2006    Page 31 of 46

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ❏  No ❏

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*  _SEE ATTACHED BRIEF IN SUPPORT FOR EXCUSION OF EXHAUSTED BUT_

_PROCEDURALLY DEFAULTED CLAIMS._  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _GRANT THE WRIT, REVERSE THE CONVICTION AND REMAND THE CASE TO THE SUPERIOR COURT IN NEW CASTLE COUNTY FOR A NEW TRIAL TO BE HELD WITHIN 90 DAYS OR RELEASE THE PETITIONER FROM CONFINEMENT._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
_MAY 24, 2006_ (month, date, year).

Executed (signed) on _MAY 24, 2006_ (date).

_Lamone Flowers_

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

PAGE 39

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____ _____ _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

\* \* \* \* \*

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) |
| | ) ID No. 9808000280A |
| DAMONE E. FLOWERS, | ) |
| | ) |
| Defendant. | ) |

Submitted: September 23, 2005
Decided: December 13, 2005

### ORDER

### UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
### DENIED

Upon consideration of Defendant Damone E. Flowers' Motion for Postconviction Relief, it appears to the Court that:

1. On October 30, 2002 a Superior Court jury convicted Defendant Damone E. Flowers of First Degree Murder and Possession of a Firearm During Commission of a Felony. On April 25, 2003 Defendant was respectively sentenced to life imprisonment with no benefit of probation or parole and ten years at level V, three years of which is a minimum mandatory period of incarceration for the PFDCF charge.

2.      On September 16, 2004, the Delaware Supreme Court issued the mandate affirming the conviction of the Superior Court.

3.      On May 3, 2005 Defendant filed a *pro se* Motion for Postconviction Relief supported by a 133 page handwritten memorandum of law.  Defendant's motion alleged eleven separate grounds for relief.

4.      The Court denied Defendant's motion without prejudice, stating that Defendant may amend his Rule 61 Motion for Postconviction Relief, setting forth his claims in summary form as required by Rule 61(b)(2).

5.      On July 11, 2005, Defendant resubmitted his *pro se* motion for Postconviction Relief, stating that he could not set forth the motion in summary form because he lacks the legal background to do so.  Defendant requested that the Court accept the motion and the memorandum of law as originally filed.

6.      On September 15, 2005, Defendant submitted an amended motion for Postconviction Relief.  In support of his motion, Defendant alleges four separate instances of prosecutorial misconduct, one instance of abuse of discretion, one instance of cumulative errors, one instance of violation of sixth Amendment rights, one instance of violation of due process, one instance of failure to produce *Brady* material, one instance of professional misconduct rising to constitutional violation, and one instance of ineffective assistance of counsel.

2

7.    In evaluating a postconviction relief motion, the Court must first ascertain if any procedural bars of Superior Court Criminal Rule 61(i) apply.[1]  If a procedural bar is found to exist, the Court should refrain from considering the merits of the individual claims.[2]  This Court will not address claims for postconviction relief that are conclusory and unsubstantiated.[3]  Pursuant to Rule 61(a), a motion for postconviction relief must be based on "a sufficient factual and legal basis."  "The motion shall specify all the grounds for relief which are available to movant ..., and shall be set forth in summary form the facts supporting each of the grounds thus specified."  Any ground for relief not asserted in a prior postconviction relief motion is thereafter barred unless consideration of the claim is necessary in the interest of justice.[4]  Grounds for relief not asserted in the proceedings leading to the judgment of conviction are thereafter barred, unless the movant demonstrates: (1) cause for the procedural default; and (2) prejudice from the violation of movant's rights.[5]  Any ground for relief that was formerly adjudicated, whether in a proceeding leading to

---

[1] *Younger v. State*, Del. Supr., 580 A.2d 552, 554 (1990); Super. Ct. Civ. R. 61(i).

[2] *See id.*

[3] *See Younger*, 580 A.2d at 555; *State v. Conlow,* Del. Super., Cr. A. No. IN78-09-0985R1, Herlihy, J. (Oct. 5, 1990) at 5; *State v. Gallo,* Del. Super., Cr. A. No. IN87-03-0589-0594, Gebelein, J. (Sept. 2, 1988) at 10.

[4]Del. Super. Ct. Crim. R. 61(i)(2).

[5]Del. Super. Ct. Crim. R. 61(i)(3).

3

the judgment of conviction, in an appeal, or in a postconviction proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.[6]

8.    Defendant previously filed a motion for postconviction relief in May 2005. Because that motion was denied without prejudice for failure to set forth claims in a summary form in accordance with Rule 61(b)(2), the procedural bar of Rule 61(i)(2) regarding repetitive motions does not apply. However, the procedural bar of Rule 61(i)(4), applicable to any ground already adjudicated, does apply.

9.    Even though on its face, Defendant's motion appears to be a postconviction relief motion, this motion is actually Defendant's attempt to rehash matters that already have been litigated, either in the Superior Court or the Supreme Court of Delaware.

10.    Defendant's first four grounds for postconviction relief focus on instances of prosecutorial misconduct. Defendant's theory is that the State extended deals and reduced pleas to witnesses, some of whom had been approached and propositioned by the State, in exchange for damaging statements against Defendant. Defendant contends that the State created a last minute issue in order to delay the May 7, 2002 trial, made prejudicial suggestions during trial that Defendant was

[6]Del. Super. Ct. Crim. R. 61(i)(4).

4

member of a "deuce-deuce" group/gang and that Defendant had people approach

State witnesses in order to intimidate them when these suggestions were not

supported by evidence, and suppressed exculpatory evidence from Defendant.

11.    Prosecutorial misconduct has been adjudicated before in this case. In a

May 22, 2002 letter to Judge Alford, defense counsel Eugene Maurer questioned the

credibility and motivation of State witness Othello Predeoux, who had pending

charges. Mr. Maurer wrote: "The resolution of these cases obviously could be

affected or impacted by the witness' cooperation in this prosecution." In her

February 5, 2003 order denying Defendant's motion for a new trial, Judge Alford

wrote:

> "State presented five eyewitnesses placing the Defendant at the scene of
> the murder with a weapon or identified the Defendant as the shooter.
> Although some witnesses were less forthcoming on the stand, it was for
> the jury to weigh the evidence and make its decision. At least one
> witness, who knew the Defendant, clearly identified him as the shooter,
> during a video taped police interrogation performed shortly after the
> incident. Thus, a new trial is not warranted. It is clear that the jury
> weighed the evidence before them and made a decision. Additionally,
> *no prosecutorial misconduct occurred.* The Court finds no prejudicial
> error denying the Defendant a fair trial." (Emphasis added).

12.    Defendant extended theories of prosecutorial misconduct in his direct

appeal to the Supreme Court as well. For example, Defendant argued that the taped

statement of Ronetta Sudler, an eyewitness who identified him as the shooter, was not

5

voluntarily obtained and, therefore, was improperly admitted. After reviewing the record to determine whether Sudler voluntarily made the out-of-court statement, the Supreme Court determined, in its September 16, 2004 opinion, that the trial judge admitted Sudler's out-of-court pretrial statement to Detective Brock only after making a careful factual finding that Sudler gave the statement voluntarily. The Supreme Court also concluded that the record supports the trial judge's findings.

13.    Just as he asserts in his Rule 61 motion, Defendant claimed in his direct appeal to the Supreme Court that certain remarks made by the prosecutor were unsupported by the evidence (ground four of Defendant's Rule 61 motion) and constituted unfairly prejudicial, reversible error. The Supreme Court commented in its September 16, 2004 opinion that to be plain error, the remarks must have affected Defendant's substantial rights, or, generally, must have affected the outcome of the trial.[7] The Court concluded that Defendant had failed to demonstrate how the reference distorted the evidence so prejudicially that it unduly affected the outcome and deprived him of a fundamentally fair trial.

14.    The record shows that the delay in trial (ground two of Defendant's Rule 61 motion) had nothing to do with prosecutorial misconduct or buying time to further develop witnesses in violation of the Defendant's due process rights. The Delaware

---

[7]*See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

6

Supreme Court, in its September 16, 2004 opinion, found: "Before the selected jury

was sworn, the State moved to disqualify defense counsel on the ground that defense

counsel had previously represented a State's witness, Othello Predeoux. The trial was

rescheduled in order to allow the parties an opportunity to brief the legal issues

concerning disqualification."

15.    Both abuse of discretion, and trial judge's denial of Defendant's motion

for mistrial (grounds five and six of Defendant's Rule 61 motion), were specifically

addressed by the Supreme Court in its September 16, 2004 opinion. Even though

Defendant asked the Supreme Court for a *de novo* review to determine whether an

error of law occurred that affected his substantial rights, the Court reviewed the trial

judge's denial of Defendant's motions for mistrial and for a new trial for abuse of

discretion. The Supreme Court examined Defendant's assertion that when the

prosecutor elicited testimony from Defendant's sister about Defendant's recent

release from jail, the trial judge should have granted a mistrial rather than give a

curative instruction. Defendant argued that the refusal to grant a mistrial denied him

a fair trial because his defense strategy centered on him not testifying. Defendant

maintained that by allowing the jury to learn of his recent incarceration, he lost the

benefit of this trial strategy. The Supreme Court concluded that it was clear that if

Defendant had testified in his own defense, earlier convictions for second degree

7

robbery and drug trafficking would likely have been revealed to the jury. Apparently, Defendant's best hope for appearing credible to a jury was not to testify at all.

16.    Defendant's contention that the trial judge abused her discretion by allowing unauthorized ejections of Defendants family and friends by the bailiff is not supported by the record.

17.    Grounds seven, eight and ten in Defendant's postconviction relief motion focus on the testimony of witnesses, resulting in the alleged violation of Defendant's sixth Amendment and due process rights. In ground seven Defendant claims that the State's case was presented through five eyewitnesses, include three who claimed memory loss at trial, thus hindering effective cross-examination. As previously discussed, issues emanating from the testimony of witnesses have been addressed by the Superior Court as well as the Supreme Court of Delaware. The Superior Court took into account the silence of some of the witnesses in its February 2003 order, denying Defendant's motion for new trial. The Court held: "Although some witnesses were less forthcoming on the stand, it was for the jury to weigh the evidence and make its decision." Similarly, the Supreme Court in its September 16, 2004 opinion, examined the issue of eyewitness testimony, and concluded that the testimony was voluntarily obtained and therefore properly admitted.

8

18.     Ground eight, violation of due process, refers to the elicitation and utilization of false testimony by the State, especially from Othello Predoux. This is essentially the same argument that Defendant raised in this very motion styled as prosecutorial misconduct. The Court has found this issue to have been adjudicated.

19.     In ground ten, violation of due process, Defendant claims that Detective Andrew Brock violated Defendant's due process rights by utilizing suggestive and corruptive interview techniques in order to acquire identification of Defendant. The two named witnesses are Vernon Mays, and Mathew Chamblee. The Supreme Court addressed the issue of utilization of suggestive and corrupting interview techniques by Detective Andrew Brock at great length in its September 16, 2004 opinion. After examining the testimony of eyewitness Ronetta Sudler, the Court stated: "The trial judge, herself, viewed the tape and determined that Detective Brock was not so unfairly oppressive or overbearing that his manner compromised Sudler's willingness to make a statement."

20.     In ground nine of his Rule 61 motion, Defendant alleges that the State failed to disclose exculpatory *Brady*[8] material. However, Defendant's contention that such materials exist, and that they would have been exculpatory, is pure speculation and is not supported by the record.

---

[8]*Brady v. Maryland*, 373 U.S. 83 (1963).

9

21.    Ground eleven of Defendant's Rule 61 motion asserts ineffective assistance of counsel. This claim is based upon Defendant's theory that defense counsel did not hire a drug expert and an identification expert to assist the defense. Defendant contends that counsel's refusal to do so prevented counsel from effectively cross-examining witnesses who were not sure about the identity of the shooter. Defendant contends that by going it alone, defense counsel exhibited a lack of sound judgment that shows that his conduct fell below the conduct that is expected from a competent criminal defense counsel. Defendant claims that counsel abandoned the defense strategy that would have been successful at the last minute. The Court finds that Defendant's assertions and claims in this regard are pure conjecture, with no factual or legal basis.

22.    It appears to this Court that Defendant has attempted to avoid procedural bars by re-packaging the claims that already have been adjudicated. For example, the same occurrences involving witnesses that were asserted as constituting unfair prejudice and reversible error in Defendant's direct appeal to the Supreme Court are now asserted in his Rule 61 motion under the guise of prosecutorial misconduct.

10

23. Neither federal nor state courts are required to relitigate in postconviction proceedings previously resolved claims.[9]

24. This Court only can consider a ground already adjudicated if the interest of justice exception applies. The interest of justice exception to the procedural bar of Rule 61(i)(4) is narrowly construed. The "movant must show that subsequent legal developments have revealed that the trial court lacked authority to convict or punish him."[10] Defendant has failed to demonstrate subsequent legal developments revealing that the Superior Court lacked authority to convict or punish him.

25. Under the circumstances, this Court finds that reconsideration of Defendant's claims is not warranted in the interest of justice. Defendant's motion for postconviction relief must be denied as it is procedurally barred pursuant to Rule 61(i)(4). To protect the integrity of the procedural rules, the Court will not consider the merits of the postconviction claims where a procedural bar exists.[11]

---

[9]*See Kuhlmann v. Wilson*, 477 U.S. 436, 445-55, 106 S.Ct. 2616, 2621-2628, 91 L.Ed. 2d 364 (1986); *Sanders v. United States*, 373 U.S. 1, 7-22, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

[10]*Flamer v. State*, 585 A.2d 736, 746 (Del. 1994).

[11]*State v. Gattis*, Del. Super., Cr. A. No. IN90-05-1017, Barron, J. (Dec. 28, 1995)(citing *Younger v. State*, 580 A.2d at 554; *Saunders v. State*, Del. Supr., No. 185, 1994, Walsh, J. (Jan. 13, 1995)(ORDER); *Hicks v. State*, Del. Supr., No. 417, 1991, Walsh, J. (May 5, 1992) (ORDER)).

11

26. **THEREFORE**, Defendant's Motion for Postconviction Relief is hereby **DENIED**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

oc:  Prothonotary - Criminal Division

12



I/M DAMIONE FLOWERS
SBI# 505247 UNIT MHU-21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

CLERK, U.S. DISTRICT COURT FOR DELAWARE

LOCKBOX 18, BOGGS FEDERAL BUILDING

844 KING STREET

WILMINGTON, DE. 19801