ORIGINAL

IN THE UNITED STATES DISTRICT COURT OF DELAWARE

DAMONE FLOWERS,
PETITIONER BELOW,

No. 9808000280

06 - 356

V.

WARDEN THOMAS CARROLL,
STATE OF DELAWARE. RESPONDENTS.

## BRIEF IN SUPPORT FOR EXCUSION OF
## EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS

NOW COMES, the petitioner, DAMONE FLOWERS, pro se, in order to establish the "cause" and "prejudice" standard and to demostrate that a fundamental miscarriage of justice will occur if the exhausted but procedurally defaulted claims in the writ of habeas corpus petition are not excused.

The petitioner was convicted following a jury trial in Superior Court on October 30, 2002 In New Castle County, in the State of Delaware on charges of murder in the first degree and possession of deadly weapon during commission of a felony. And sentenced to a LIFE without parole and 10 years LEVEL I sentence on April 25, 2003. The petitioner's conviction was affirmed by the Delaware Supreme Court on August 31, 2004.

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a 1-year limitation period for an application for writ of habeas corpus, which runs from "the date on which the judgement became final..." 28 U.S.C. § 2244(d)(i). The petitioner must exhaust his state court remedies within the meaning of 28 U.S.C. § 2254(b)(c), by presenting every issue raised in his habeas corpus petition to the highest

State court. See, IRVIN v. DOWD, 359 U.S. 394, 406, 79 S.Ct. 825, 832 (1959). The U.S. Supreme Court has held that the exhaustion requirement must be "rigorously enforced." See, ROSE v. LUNDY, 455 U.S. 509, 518 (1982); see also, SANTANA v. FENTON, 685 F.2d 71, 77 (3d.Cir 1982).

The petitioner's direct appeal became final on August 31, 2004. See, FLOWERS v. STATE, 858 A.2d 328 (Del. 2004). Therefore, according to the AEDPA's 1-year filing period, the petitioner had until August 31, 2005 to file a writ of habeas corpus petition in federal court seeking relief from a State court judgment. That year is tolled by 28 U.S.C.§ 2244(d)(2) for the time during which a properly filed application for State post conviction is pending.

The petitioner filed a motion for postconviction relief and an attached memorandum of law pursuant to Superior Court Criminal Rule 61 on April 19, 2005. The motion was sent back to the petitioner due to non-compliance because the motion did not contain the petitioner's original signature. The petitioner signed the motion and sent it back to the Superior Court where it was submitted on May 3, 2005. The motion for post conviction relief tolled the 1-year time period, leaving roughly 88 days once the judgement became final on the motion in the state's highest court.

Due to unfortunate circumstances, the case was assigned to the Honorable Judge Mary Johnston, who "denied without prejudice" the Rule 61 motion in an ORDER dated June 28, 2005. Judge Johnston directed the petitioner to amend the motion pursuant to Super. Ct. Crim. Rule 61(b)(6), so that the motion complied with the restrictions set forth in Rule 61(b)(2). (EXHIBIT A).

In as much as the motion was already in summary form, it was the attached memorandum of law, which was 133 pages in length, that Judge Johnston had an issue with. In a letter to Judge Johnston dated July 11, 2005 (EXHIBIT B), the petitioner pointed out the fact that the motion for post conviction relief was already set forth in summary form but the attached memorandum of law could not possibly be set forth in summary form and was not required to be according to any language in Super. Ct. Crim. Rule 61(b)(2).

The petitioner asked Judge Johnston to appoint counsel pursuant to Super. Ct. Crim. R. 61(e), to assist in amending the Rule 61 motion or admit the motion as it was filed. Judge Johnston elected not to respond to the petitioner's letter. Subsequently, the petitioner amended the memorandum of law, shortening it to 107 pages, and re-submitted the same motion for post-conviction relief and the amended memorandum of law on September 20,2005.

In an ORDER dated December 13, 2005, Judge Johnston denied the Rule 61 motion, claiming that the entire motion was procedurally barred pursuant to Super. Ct. Crim. Rule 61(i)(4), applicable to any ground formerly adjudicated. The petitioner had 30 days to file a Notice of Appeal in the Clerk's office of the Delaware Supreme Court pursuant to Supreme Court Rule 6(a). Accordingly the petitioner had until January 13,2005 to file his Notice of Appeal. In compliance with Supreme Court Rule 10(a)(b)(c), on Friday, January 6, 2006 the petitioner sent copies of the Notice of Appeal to defense counsel, EUGENE J. MAURER JR., the States Attorney General's division and the Superior Court Reporter's Office with an attached designation for transcripts. On Sunday, January 8, 2006, the petitioner placed his Notice of Appeal and Motion to Proceed Informa Pauperis in the prison mail box.

In a seperate envelope the petitioner also sent a copy of the Notice of Appeal to former defense attorney THOMAS A. PEDERSEN ESQ. Because the petitioner had no access to the mail room which would have allowed for the out-going mail to be weighed to determine the exact postage cost. The petitioner attached a PAY-TO, to the front of each envelope. (EXHIBIT C). So that once the out-going mail was weighed to determine its exact postage cost, that amount could then be charged to his account. Each out-going envelope was marked on the exterior "URGENT LEGAL MAIL/FILING DEADLINE 1-13-06."

For unknown reasons, despite the petitioner's efforts, the mail room at D.C.C. held the Notice of Appeal and Motion to Proceed Informa Pauperis until Tuesday, January 17,2006. Although the pay-to's covering postage cost were processed on Sunday, January 8, 2006. (EXHIBIT D). As a result of the mail rooms arguably intentional holding of the outgoing

mail. The Clerk of the Supreme Court sent the petitioner a NOTICE TO SHOW CAUSE on Tuesday, January 17, 2006, directing the petitioner show cause why the appeal should not be dismissed pursuant to Supreme Court Rule 29(b) for failure to file the Notice of Appeal within 30 days after entry upon the docket of the order of December 13, 2005, as required by Supreme Court Rule 6. (EXHIBIT E)

The petitioner responded to the Notice to Show Cause within the alloted 10 days. Explaining that the Superior Court Order denying the Rule 61 motion did not reach him at D.C.C. until Thursday, December 15, 2005. Due to the petitioner's indigent status, he was required to secure a certified statement of his account for the previous 6 months, from the Business Office, which must be included in the Motion to Proceed Informa Pauperis. Which would then, of course, cover the filing cost for the Notice of Appeal. The petitioner explained and sent documents that showed that 4 requests were made to the Business Office on 12-18-05; 12-19-05; 12-25-05 and 12-29-05; all requesting a certified statement of his account. Due to the holiday break the Business Office did not get the request until December 28, 2006. (EXHIBIT F). The Business Office, one STACY SHANE, sent the petitioner the certified statement of his account on December 30, 2006, (EXHIBIT G), which he received on Monday, January 2, 2006. The petitioner then had to have the statement notarized, which was done on Wedsnday, January 4, 2006 (EXHIBIT H). Again, on Friday, January 6, 2006 the petitioner sent copies of the Notice of Appeal to defense counsel EUGENE J. MAURER JR., the State Attorney Generals Division and the Superior Court Reporter's Office with an attached designation for transcripts. With a Certificate of Service, the petitioner then placed the Notice of Appeal and Motion to Proceed Informa Pauperis in the prison mail system on Sunday, January 8, 2006 with a pay-to attached to cover postage cost once the outgoing envelopes had been weighed in D.C.C.'s mail room. As explained above, the facility (D.C.C.) held the Notice of Appeal until Tuesday, January 17, 2006, which was 4 days past the filing deadline and 9 days after the petitioner placed it in the mail.

Subsequently, the petitioner filed an internal grievance with the GRIEVANCE COMMITTEE at D.C.C. for the mail rooms intentional holding of the Notice of Appeal. (EXHIBIT I)

After receiving the petitioner's response, the Court sent a letter to the State dated February 15,2006, directing the State to file an answer to the petitioner's response no later then March 1, 2006. (EXHIBIT J). The State responded in the alloted time.(EXHIBIT K).

On April 4, 2006, in an ORDER from the Delaware Supreme Court, the petitioner's appeal was dismissed, with the Court determining that since the cause of the untimely filed Notice of Appeal was not attributable to court-related personnel. The Court had no jurisdiction to hear the untimely appeal. (EXHIBIT L).

As a result of this decision by the Delaware Supreme Court, the eleven grounds within the petitioner's Rule 61 motion for post conviction relief were never addressed by the Delaware Supreme, i.e. the State's highest court, as required by 28 U.S.C. § 2254(b)(c). See, IRVIN v. DOWD,359 U.S. 394,406(1959). Where state courts refuse to consider petitioner's claim because he failed to comply with independent and adequate State procedural rules, his claims are deemed exhausted but procedurally defaulted unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default. LINES v. LARKINS, 208 F.3d 153 C.A.3(Pa.2000); see also, JOHNSON v. CARROLL, 2005 WL 1220237 D.Del. 2005.

## CAUSE AND PREJUDICE

If a claim has not been fairly presented to the State courts but State law clearly forecloses review, see LOVASZ v. VAUGHN,134 F.3d 146,148(3d.Cir.1998), 28 U.S.C. § 2254(b)(1)(B)(1988)(amended 1996); exhaustion is excused, see e.g., LAMBERT, 134 F.3d at 513,517-19; DOCTOR v. WALTERS, 96 F.3d 675,681(3d.Cir.1996), but the doctrine of procedural default may come into play. A procedural default occurs when a prisoner's federal claim is barred from consideration in the State courts by

an "independent and adequate" State procedural rule. See, e.g. **DOCTOR, 96 F.3d at 683.** Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." SEE,
**COLEMAN v. THOMPSON, 501 U.S. 722, 750, III S.Ct. 2546, 115 L.Ed.2d 640(1991).**

The "cause" required to excuse a procedural default must result from circumstances that are "external to the petitioner, something that cannot fairly be attributed to him." **COLEMAN, 501 U.S. at 753, III S.Ct. 2546.** The petitioner has clearly shown that the "cause" of the procedurally defaulted claims cannot fairly be attributed to him. Delaware has no "prison mailbox rule" in its State prisons like the federal prison system has. So that any delay in the prison mail system cannot justify an enlargement of the jurisdictional appeal period. **CARR v. STATE, 554 A.2d at 779 (1989).** Because in Delaware time is a jurisdictional requirement, an accused has no remedy when a state prison facility's mail room holds or delays outgoing mail past filing deadlines. In this type of circumstance, the "cause" of untimely filed materials is actually the prison mail room. But only the accused is made to incur the penalty for the untimely filed materials. The state prisons mail room is actually denying inmates access to the courts in this type of situation but since the facility faces no penalty for holding or delaying out-going mail, there is no incentive to timely process the out-going mail. The penalty the petitioner is being made to incur, due to the facility holding or delaying outgoing mail, was the dismissal of the appeal of the Rule 61 motion. That dismissal inturn makes all of the claims raised in the Rule 61 motion exhausted but procedurally defaulted when the petitioner raises the claims in a writ of habeas corpus petition. In such a situation, Supreme Court Rule 6(a) cannot be "independent and adequate" because it provides no alternative or remedy for the petitioner. Of course, once the accused files the writ in federal court, the State then will argur

that the federal courts may not consider the merits of a procedurally defaulted claim or will argue that the petitioner has not satisfied the cause and prejudice standard. In this type scenario the state prison's mail rooms seem to be doing the State a huge favor, by systematically being the "cause" of countless inmates appeals being dismissed by the Delaware Supreme Court. All this through no fault of the petitioner, who has done all he/she can do to strictly comply with the Supreme Court Rules. Some examples of petitioner's who have been victimized by this type of situation. See, DEPUTY v. CARROLL, 852 A.2d 907 (Del 2004); DICKENS v. COSTELLO, et.al., 871 A.2d 1127 (Del. 2004); ANDERSON v. STATE, 737 A.2d 529 (1999).

The "prejudice" the petitioner incurs is two fold. FIRST, the eleven claims raised in the Rule 61 motion were never addressed by the State's highest court. The Superior Court Judge Mary Johnston (newly assigned) claimed that every argument that the petitioner raised in the Rule 61 motion was procedurally barred pursuant to Super. Ct. Crim. Rule 61(i)(4), applicable to any ground formerly adjudicated. Even though in GROUND NINE, the petitioner argued a BRADY violation, asserting that the State withheld the exculpatory BRADY statements of 4 men who gave statements to State investigators indicating that the petitioner was not the shooter on the night in question and identified another shooter. (See RULE 61 MOTION-GROUND 9). It is settled Delaware law that when the prosecution fails to disclose material exculpatory evidence in violation of the BRADY rule, post conviction relief cannot be procedurally barred, as a BRADY violation undermines the fairness of the proceeding leading to the judgment of conviction. JACKSON v. STATE, 770 A.2d 506 (Del. 2001). Also in GROUND ELEVEN of the Rule 61 motion the petitioner argued 8 seperate claims of ineffective assistance of counsel. (See RULE 61 MOTION-GROUND 11). In as much as this was the petitioner's first and only Rule 61 motion and the proper vehicle by which to bring ineffectiveness of counsel claims before Delaware courts. See, REYNOLDS v. ELLINGSWORTH, 843 F.2d 712 (3RD. CIR. 1988), the claim could not possibly be barred pursuant to Super. Ct. Crim. Rule 61(i)(4), because ineffectiveness

of counsel claims could not be raised until a movant raises the claim in a Rule 61 motion. See, **COLLINS v. STATE, 420 A.2d 170 (Del. 1980).**

This is just a summary demostration of the prejudice the petitioner incured when the appeal of the Rule 61 motion was dismissed due to no fault of his own. Since the dismissal of the appeal causes the claims raised within the Rule 61 motion to be procedurally defaulted in a writ of habeas corpus petition. If the exhausted but procedurally defaulted claims are not excused, then no State court higher than the Superior Court will have addressed the claims and more importantly a tainted conviction will stand without the State or defense counsel ever being made to respond to the allegations raised.

**SECOND,** the writ issues to correct constitutional violations. If the exhausted but procedurally defaulted claims are not excused, the State conviction will not or has not been subject to any collateral attacks. Review of the petition will show that the State was the architect of a trial that did not comport with due process in violation of the petitioner's 5TH, 6TH and 14TH AMENDMENTS rights.

## MISCARRIAGE OF JUSTICE

In the writ of habeas corpus, the petitioner has clearly demostrated that the State withheld the exculpatory **BRADY** statement of at least 2 eyewitnesses whom identified another shooter and 4 eyewitnesses whom indicated to investigators that the petitioner was not the shooter on the night in question. (Four eyewitnesses total, not to be confused to total six eyewitnesses). The suppression then and continued suppression of that exculpatory evidence unequivocally violated the petitioner's constitutional rights to a fair trial. If the exhausted but procedurally defaulted claims are not excused, again a tainted conviction will be allowed to stand when the merits of the factual dispute were not resolved in the State court [hearing], the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing, that the petitioner did not receive

a full, fair and adequate hearing in the State court proceeding, i.e. Rule 61 motion for post conviction relief and that the petitioner was otherwise denied due process of law in the State court proceeding. See, SUMNER v. MATA, 449 U.S. 539(1980-81). The other claims argued in the petition are too numerous and expansive to detail. The above BRADY violation is but one demonstration of the fundamental miscarriage of justice that will occur if the exhausted but procedurally defaulted claims are not excused.

## REMEDY SOUGHT

In as much as the AEDPA's 1-year filing period was tolled on May 3, 2005, the date on which the Rule 61 motion for post conviction relief was docketed. The petitioner was left with roughly 88 days to file a writ of habeas corpus petition once the judgment became final. Since the judgement on the Rule 61 motion became final on April 4, 2006. (EXHIBIT   ). The petitioner has until July 2, 2006 to file a writ of habeas corpus petition in federal court.

The State may attempt to argue that the Notice of Appeal was not a properly filed state post-conviction motion and that the petitioner's 1-year filing period was no longer tolled after December 13, 2005, the date the Superior Court's ORDER was docketed denying the Rule 61 motion. In this event the petitioner has clearly shown this Court that he exercised reasonable diligence in investigating and bringing the claims before the appropriate Courts. Thus making a solid argument for "Equitable tolling." See, JONES v. MORTON, 195 F.3d 153 (1999).

In MILLER v. NEW JERSEY, 145 F.3d 616 (3d. Cir. 1998), the Court determined that AEDPA's 1-year filing requirements is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitation period. (cited in JONES v. MORTON, supra).

FINALLY, the petitioner argues in this brief that Argument I thru XI (GROUNDS 1 thru 11) in the writ of habeas corpus petition, which are exhausted but procedurally defaulted, be excused because he has established the cause and prejudice standard and has shown that a fundamental miscarriage of justice will occur if the procedurally defaulted claims are not excused.

DATE: MAY 24, 2006

Respectfully Submitted,

Damone Flowers

DAMONE FLOWERS

D.C.C.

1181 PADDOCK ROAD

SMYRNA, DE. 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | ID No. 9808000280A |
| DAMONE E. FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

### *Upon Defendant's Motion for Postconviction Relief*

Submitted:   May 3, 2005
Decided:   June 27, 2005

Upon consideration of Defendant's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, it appears to the Court that:

1.     On October 30, 2002 a Superior Court jury convicted Defendant Damone E. Flowers of First Degree Murder and Possession of a Firearm During Commission of a Felony. On April 25, 2003 the Defendant was respectively sentenced to life imprisonment with no benefit of probation or parole and ten years at level V, three years of which is a minimum mandatory period of incarceration for the PFDCF charge.

2.     On August 31, 2004 the Delaware Supreme Court affirmed the conviction of the Superior Court.

61 to provide *pro se* defendants with a method for relief in which they may allege,

in a verbose manner, all imaginable grounds for relief. The purpose and language

of Rule 61 fundamentally prohibit repetitive, meritless, and meandering motions

for relief in order to protect the court system, responding counsel, and the State

from undue hardship and expense.

6.      Defendant's memorandum is unnecessarily long, extremely

redundant, and in many instances consists of lengthy diatribes of unsupported

assertions. A motion under this rule is directed to the discretion of the Court.[3] It

is the Court's opinion that Defendant is able to address these arguments in a more

concise and abridged fashion, which will not violate the remedial safeguards

inherent to Rule 61. Pursuant to Rule 61(b)(6), the movant may amend his motion

to comply with the restrictions set forth in subsection (b)(2).

7.      Notwithstanding the fact that this Court will not evaluate the

Defendant's motion on its merits at this time, the Court reminds Defendant that

when invoking an ineffective assistance of counsel claim, the movant must support

his claim with *concrete* allegations of actual prejudice; otherwise the movant risks

summary dismissal.[4] The Defendant also should note that lengthy explanations in

---

[3]*Shy v. State*, 246 A.2d 926, 927 (Del. 1968).

[4]*State v. Mason*, 1998 WL 449563, at *3 (Del. Super.)

3

DAMONE FLOWERS

D.C.C.

1181 PADDOCK RD.

SMYRNA, DE. 19977

THE HONORABLE MARY M. JOHNSTON

SUPERIOR COURT OF THE STATE OF DE.

NEW CASTLE COUNTY COURTHOUSE                            7-11-05

500 NORTH KING STREET, SUITE 10400

WILMINGTON, DE. 19801-3733

RE: STATE v. DAMONE E FLOWERS

ID NO. 9808000280 A

Dear Judge Johnston,

    I am in receipt of the Court's order upon my MOTION for Postconviction Relief dated June 27, 2005. Immediately I must apologize for any inconvenience my MOTION may have caused the Court, as that was not my intention. Never the less, I must admit that I am troubled and slightly perplexed by Your Honor's directives in the Court's order to me.

    It would seem that Your Honor is directing me to, in some way, shorten and/or alter my attached MEMORANDUM OF LAW in support of the MOTION for POSTCONVICTION RELIEF. Your Honor cites SUPERIOR COURT CRIMINAL RULE 61(b)(2) as the foundation upon which such an order was made, specifically emphasizing the "CONTENT" of a MOTION FOR POSTCONVICTION RELIEF. True RULE 61(b)(2) directs a movant to "set forth in summary form the facts supporting each of the grounds thus specified." And in regards to RULE 61(b)(2) my MOTION for POSTCONVICTION RELIEF conforms to the above requirements. On the other hand, the attached MEMORANDUM OF LAW in support of the MOTION, can not possibly be set forth in summary form and is not required to do so according to the language in RULE 61(b)(2).

Taking into consideration the importance of the Court's time, again I will reiterate that I in no way want to inconvenience the Court with my unnecessarily long, extremely redundant and in many instances lengthy diatribes of unsupported assertions. But I ask the Court to take into consideration the very real fact, that I am not an attorney licensed to practice law in the state of DELAWARE. Notwithstanding that fact, my MOTION for POSTCONVICTION RELIEF and attached MEMORANDUM of LAW is not the product of an over active imagination or some fly-by night legal arguments. Therefore it should not be demeaned by the Court simply because it is a PRO-SE MOTION.

A MOTION under this RULE 61 is directed to the discretion of the Court and it is Your Honor's opinion that the defendant is able to address the arguments in a more concise and abridged fashion. The defendant will submit that he does not have the legal background to make this MOTION equivalent to a sleek and refined legal document churned out by a top law firm.

Honestly speaking Your Honor, I can not in good faith tailor or shorten my MEMORANDUM of LAW without feeling as if I am diminishing my arguments at the Court's prompting. I remind the Court that the DELAWARE SUPREME COURT felt as though one of my arguments on direct appeal had been abandoned because the argument had not been developed or thoroughly explained. Yet here it seems the Court is directing me to deduct, alter, thereby shorten my MOTION or risk summary dismissal.

If Your Honor is adamant about the attached MEMORANDUM of LAW being made more concise or abridged, then I must ask the Court to appoint counsel in accordance to SUPERIOR COURT CRIMINAL RULE 61(e), to assist me in accomplishing the Court's directives. Otherwise I must ask that the Court accept my resubmitted MOTION for POSTCONVICTION RELIEF and attached MEMORANDUM of LAW as it stands.

In no way am I attempting to challenge Your Honor but surely Your Honor can empathize with my fears and concerns.

That said, I await the Court's response in the near future.

Sincerely yours,

DAMONE FLOWERS

Pay-To: DEPARTMENT OF CORRECTIONS

The Sum of: _one dollar_

                      Date: _1.8.06_

            Amount: $ _1.11_

   and Cents _11_

**Address to whom sent:**
THOMAS A. PEDERSEN, ESQ.
2 RACE STREET
GEORGETOWN DELAWARE 19947

SBI# _303627_

Log # _01-63_

Check # _____

Date of Ck _____

_Ramona Flowers_
Inmate Signature

Form #34 (rev 5/03)

---

Pay-To: DEPARTMENT OF CORRECTIONS

The Sum of: _One dollar_

                      Date: _1.8.06_

            Amount: $ _1.83_

   and Cents _83_

**Address to whom sent:**
CLERK OF THE SUPREME COURT OF DE.
SENIOR CLERK
P.O. BOX 476
DOVER, DELAWARE 19903

SBI# _303627_

Log # _01-62_

Check # _____

Date of Ck _____

_Ramona Flowers_
Inmate Signature

Form #34 (rev 5/03)

EXHIBIT C

Date Printed: 4/3/2006

# Individual Statement

## For Month of February 2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $41.65 |
|-----|-----------|------------|-----|--------|------------------|--------|
| 00303627 | Flowers | Damone | | | | |
| Current Location: | 21 | | Comments: QOL3 | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|------------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Canteen | 2/1/2006 | ($9.99) | $0.00 | $0.00 | $31.66 | 215791 | | | |
| Supplies-MailP | 2/2/2006 | ($2.72) | $0.00 | $0.00 | $28.94 | 217352 | | 1/2/06 | |
| Supplies-MailP | 2/2/2006 | ($1.83) | $0.00 | $0.00 | $27.11 | 217717 | | 1/8/06 | |
| Supplies-MailP | 2/2/2006 | ($1.11) | $0.00 | $0.00 | $26.00 | 217725 | | 1/8/06 | |
| Supplies-MailP | 2/2/2006 | ($2.30) | $0.00 | $0.00 | $23.70 | 218006 | | 11/10/05 | |
| Canteen | 2/14/2006 | ($9.55) | $0.00 | $0.00 | $14.15 | 222419 | | | |
| Canteen | 2/28/2006 | ($9.99) | $0.00 | $0.00 | $4.16 | 227928 | | | |

**Ending Mth Balance:** **$4.16**

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: $0.00

EXHIBIT D

#4

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMONE FLOWERS, | § | No. 30, 2006 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | <u>NOTICE TO SHOW CAUSE</u> |

To:   Mr. Damone Flowers
      SBI #00303627
      Delaware Correctional Center
      1181 Paddock Road
      Smyrna, DE 19977

You are directed to show cause why this appeal should not be dismissed pursuant to Supreme Court Rule 29(b) for your failure to file your notice of appeal within 30 days after entry upon the docket of the order of December 13, 2005 from which the appeal is taken as required by Supreme Court Rule 6. Please respond in writing to this notice to show cause within 10 days after you receive it. If you do not respond, the dismissal shall be deemed to be unopposed.

Date: January 17, 2006

Cathy L. Howard
Clerk of the Supreme Court

cc:   Loren C. Meyers, Esquire

IN THE SUPREME COURT OF THE STATE OF DELAWARE

030 , 2006

| | |
|---|---|
| PRO SE<br>(DCC - #00303627) | DAMONE E. FLOWERS,<br>Defendant Below,<br>Appellant, |
| L. C. MEYERS | STATE OF DELAWARE,<br>Plaintiff Below,<br>Appellee. |

DF $ 00.00

2006

| | | | |
|---|---|---|---|
| 1 | Jan | 17 | Notice of appeal from the order dated 12/13/05, in the Superior Court, in and for New Castle County, by Judge Johnston, in Cr.ID No. 9808000280A. (served by mail 1/6/06) (eas) |
| 2 | Jan | 17 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (service shown on court reporter by mail 1/6/06) (eas) |
| 3 | Jan | 17 | Motion to proceed in forma pauperis by appellant. (served by mail 1/6/06) (eas) |
| 4 | Jan | 17 | Notice to show cause issued to appellant. (eas) |

## CERTIFICATE
(Incarcerated applicants only)
*(To be completed by the institution of incarceration)*

I certify that the applicant named herein has the sum of S ___11.10___ on account his/her credit at (name

of institution) ___Delaware Correctional Center___ .

I further certify that the applicant has the following securities to his/her credit: ___N|A___ .

I further certify that during the past six months the applicant's average monthly balance was S ___51.52___

and the average monthly deposits were S _____

___11/29/05___                              ___Stacy Shane___
Date                                        Signature of Authorized Officer

*(NOTE THE REQUIREMENT IN ITEM I FOR THE INMATE TO OBTAIN AND ATTACH LEDGER
SHEETS OF ACCOUNT TRANSACTIONS OVER THE PAST SIX MONTH PERIOD. LEDGER SHEETS
ARE NOT REQUIRED FOR CASES FILED PURSUANT TO 28:USC §2254)*

SUPPORT SERVICES MANAGER
DEC 2 8 2005
RECEIVED-D.C.C.

# *DELAWARE CORRECTIONAL CENTER*
# *SUPPORT SERVICES OFFICE*
# *MEMORANDUM*

*TO:*  Damone Flowers  *SBI#:* 303607

*FROM:*  *Stacy Shane, Support Services Secretary*

*RE:*  **6 Months Account Statement**

*DATE:*  December 29, 2005

---

Attached are copies of your inmate account statement for the months of
June 1, 2005  *to*  November 30 2005

*The following indicates the average daily balances.*

| *MONTH* | *AVERAGE DAILY BALANCE* |
|---|---|
| June | 10.14 |
| July | 19.70 |
| Aug | 32.90 |
| Sept | 40.36 |
| Oct | 43.64 |
| Nov | 22.31 |

*Average daily balances/6 months:*  31.52

*Attachments*
*CC:  File*

Stacy Shane
12/29/05

Mil La
Notary public
12/30/05

EXHIBIT G

14. List names and addresses of any dependents: N/A

I, DAMONE FLOWERS _____, swear or affirm that the above-

information is true and correct and is made under penalty of perjury.

DATED: DECEMBER 24, 2005 _____            _Damone Flowers_

    I understand that if the Court directs that I pay certain fees and court costs but
dismisses my complaint or claim, the Court keeps power over me until all costs and fees are paid.

SWORN TO AND SUBSCRIBED before me this ____7th____ day of

_____, 2006.

_____
Title

Revised 7.17.03

* All requests for information must be supplied, if possible. Failure to supply information may
result in denial of your motion to proceed *in forma pauperis*.

**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** FLOWERS, DAMONE E | **SBI#** : 00303627 | **Institution** : DCC | |
| **Grievance #** : 23426 | **Grievance Date** : 02/07/2006 | **Category** : Individual | |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date :** | |
| **Grievance Type:** Mail | **Incident Date** : 01/08/2006 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 17, Lower, Tier A, Cell 9, Single | | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: On Sunday 8 January 2006 I placed two envelopes into the prison mail system on the 4x12. Attached to each manila envelope was a pay-to to cover postage which was signed by the C/O working A tier that night. Each envelope was marked on the exterior: Urgent Legal mail/filing deadline 1-13-06. For some reason the legal mail was held here at DCC until Tuesday, January 17 2006 four days after my filing deadline. Although I put it in the mail 5 days before my 1/13/06 filing deadline. On Friday January 20, 2006 Cathy Howard/ Clerk of the DE Supreme Court sent to me a notice to show cause demanding to know why the court should not dismiss my appeal since it was not filed by the 1-13-2006 deadline. I responded by telling Mrs. Howard the situation and as proof I sent several documents which included an individual statement account for January 2006 , which showed the two January 8 2006 pay-to's. I also indicated that I would attempt to secure copies of the pay-tos which are addressed to the clerks office and dated. Since then I've sent 3 written request to the business office dated 1-17-2006; 1-22-06 At this point the business office has failed to respond.

**Remedy Requested** : Since I need copies of the 2 pay-to's to further prove that I place my legal mail in the prison mail system on Sunday 1/8/06. The clerk of the DE Supreme Court has reserved ruling until I send copies of those pay-to's. The business offices non- response is holding up pending  Supreme Court litigation. I need copies of the 2 1/8/06 pay-tos.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Smith, Tonya |
| **Grievance Amount :** | |

EXHIBIT I

DCC - Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** FLOWERS, DAMONE E | **SBI#** : 00303627 | **Institution** : DCC |
| **Grievance #** : 23426 | **Grievance Date** : 02/07/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date** : 01/08/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :**Bldg 17, Lower, Tier A, Cell 9, Single | |

| INFORMAL RESOLUTION |
|---|

**Investigator Name** : Smith, Tonya                    **Date of Report** 02/09/2006

**Investigation Report :**

**Reason for Referring:**

Offender's Signature:_____

Date                    :_____ _____

Witness (Officer)       :_____ _____

Page 2 of 2

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

February 15, 2006

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Loren C. Meyers, Esquire
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801

Re: *Damone E. Flowers v. State,* No. 30, 2006

Dear Counselor:

The Court is in receipt of the appellant's responses to the notice to show cause filed in the above captioned matter. The Court has directed me to request you to file an answer no later than **March 1, 2006.**

Very truly yours,

cc: Mr. Damone E. Flowers

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| **DAMONE E. FLOWERS**, | ) |
| | ) |
| Defendant Below, | ) |
| Appellant | ) |
| | ) |
| v. | ) No. 30, 2006 |
| | ) |
| **STATE OF DELAWARE**, | ) |
| | ) |
| Plaintiff Below, | ) |
| Appellee | ) |

### MEMORANDUM IN
### SUPPORT OF DISMISSAL

1. A Superior Court jury in October 2002 convicted Damone Flowers of first degree murder and a weapons offense; the convictions were affirmed on direct appeal. *Flowers v. State*, 858 A.2d 328 (Del. 2004). In May 2005, Flowers moved for state post-conviction relief. Dkt. Item ("DI") 103-04. Superior Court denied that motion in June 2005 (DI 106), but Flowers took no appeal from that order. Flowers again moved for post-conviction relief in September 2005 (DI 108). Superior Court denied the motion on December 13, 2005 (DI 110). Because the December 13 order was docketed that day, Flowers' appeal from that order had to be filed on or before January 12, 2006. Supr. Ct. R. 6(a)(iii).

2. Flowers' appeal was received by the Clerk on January 17, 2006. That day, the Clerk issued a notice to show cause, directing Flowers to explain why the appeal should not be dismissed as being untimely. In a series of responses, Flowers offers three reasons to explain the untimely filing: he did not receive the Superior Court order until December 15; the intervening Christmas-New Year holiday period reduced the availability of various prison staff needed to provide notarial and other similar services; and his payment order for the postage needed to mail his papers to the Clerk was unduly delayed.

EXHIBIT K

3. Under clearly settled state law, the timely filing of the notice of appeal is a jurisdictional requirement. *E.g., Eller v. State*, 531 A.2d 951, 952 (Del. 1987). Unless Flowers can show that his failure to file a timely notice of appeal is attributable to the actions of judicial personnel, the appeal must be dismissed. *E.g., Bey v. State*, 402 A.2d 362, 363 (Del. 1979). But the Court has repeatedly held that prison officials are not court-related personnel for purposes of *Bey*, and the difficulties attendant to *pro se* prisoner litigation are insufficient to excuse the untimely filing of a notice of appeal. *E.g., Johnson v. State*, 2006 WL 197180, order at ¶4 (Del. Jan. 24, 2006) (sending copy of appeal to prison business office to obtain balance on inmate account); *Brown v. State*, 2004 WL 1535757, order at ¶2 (Del. July 2, 2004) (prison law library); *Deputy v. Roy*, 2004 WL 1535479, order at ¶¶4-5 (Del. June 29, 2004) (prison mail system); *Dickens v. Costello*, 2004 WL 2239710, order at ¶¶2-3 (Del. Sept. 29, 2004) (policies regarding processing of prisoner mail); *Anderson v. State*, 1999 WL 636616, order at ¶¶3-4 (Del. Aug. 5, 1999) (law library and policies regarding prisoner mail); *Folks v. State*, 1997 WL 398941, order at ¶3 (Del. June 26, 1997) (processing of motion to proceed *in forma pauperis*); *Carr v. State*, 554 A.2d 778, 778-79 (Del. 1989) (prison mail system). Given this consistent line of authority, it is clear that Flowers' failure to file a timely notice of appeal is not attributable to court-related personnel. Flowers' explanation thus offers no basis to excuse the untimely filing of the notice of appeal.

4.  The rule to show cause should accordingly be made absolute and the appeal should be dismissed.


Loren C. Meyers
Del. Bar ID 2210
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

February 28, 2006

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMONE E. FLOWERS, | § | |
| | § | No. 30, 2006 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 9808000280A |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 24, 2006
Decided:    April 4, 2006

Before **HOLLAND**, **JACOBS** and **RIDGELY**, Justices.

### O R D E R

This 4th day of April 2006, upon consideration of the appellant's untimely notice of appeal, the notice to show cause issued by the Clerk, and the appellant's response thereto, it appears that the appellant's failure to timely file his appeal is not attributable to court-related personnel.[*]    Accordingly, this Court has no jurisdiction to hear this untimely appeal.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rules 6 and 29(b), the within appeal is DISMISSED.

BY THE COURT:

_Jack B. Jacobs_
Justice

---

[*] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).