IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAMONE E. FLOWERS,

    PETITIONER,

CIVIL ACTION NO. 06-356-GMS

v.

THOMAS CARROLL, WARDEN,

AND CARL DANBERG, ATTORNEY

OF THE STATE OF DELAWARE,

    RESPONDENTS,

Scanned-BD  9/15/06



FILED

SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION FOR SUMMARY JUDGMENT

The petitioner, DAMONE E. FLOWERS, filed a WRIT OF HABEAS CORPUS in the District Court pursuant to 28 U.S.C. foll. § 2254 on June 7, 2006. Having been reviewed pursuant to RULE 4, 28 U.S.C. 2254, the District Court ordered the respondents, on the 3RD day of August 2006, that within forty-five (45) days, they shall:

a. state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the State and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding;

b. State whether any claim in the petition is barred by a procedural bar, non-retroactivity, or the statute of limitations;

c. Respond to the allegations of the petition;

d. Indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed;

e. Attach to the answer certified copies of such portions of the transcripts as may be material to the questions raised in the petition, as well as certified copies of the petitioner's brief(s) on appeal (direct and/or post-conviction) and of the opinion(s) of the appellate court, if any;

f. Attach to the answer copies of any RULE 61 affidavits filed by petitioner's trial and/or appellate counsel in response to allegations of ineffective assistance of counsel raised in a petitioner's post-conviction proceeding filed pursuant to Delaware Superior Court Criminal Rule 61.

As a result of the forty-five (45) day order, the respondents had until on or about the 17th day of September 2006, to file an answer that complied with the Court's order. In that the respondents have failed to docket a timely response pursuant to 28 U.S.C. foll. 2254, RULE 5. The respondents have waived their opportunity to answer the petition.

The petitioner would be prejudiced by the Court's denial of this motion for summary judgment, in that the respondents must be held to the same rigorous procedural rules as the petitioner. Accordingly, if the cause of the non-docketed response is not attributable to court personnel, summary judgment should be granted to the petitioner.

THEREFORE, the petitioner requests that the District Court appoint counsel for the effective utilization of discovery procedures pursuant to 28 U.S.C. foll. 2254, RULE 6(a), as it relates to the petitioner's motion to invoke discovery and motion for expansion of record filed simultaneously with the Habeas Corpus petition.

Further, once the exculpatory materials have been turned over by the State to the Court and the petitioner. The petitioner requests that the District Court grant the writ.

Respectfully submitted,

*Damone Flowers*

DAMONE FLOWERS

I/M DAMONE FLOWERS
SBI# 303627    UNIT MHU 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
14 SEP 2006 PM 3 T

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET, LOCKBOX 18
WILMINGTON, DE 19801-3570

LEGAL MAIL