IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-356-GMS |
| ) | |
| THOMAS CARROLL, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

At Wilmington this 27th day of Feb., 2007;

IT IS ORDERED that:

1. Petitioner Damone E. Flowers' motion for summary judgment is DENIED. (D.I. 32.) Flowers filed a motion for summary judgment on December 12, 2006, complaining that the State failed to file a timely response to his habeas petition. Although Flowers titled his motion as one for summary judgment, the substance of the motion reveals that he is essentially asserting his second request for a default judgment. *See* (D.I. 21; D.I. 37.)(motion for summary judgment construed to be motion for default judgment, and order denying default motion). The record reveals that the State filed its response on December 13, 2006. (D.I. 22.) Therefore, the court will deny Flowers' motion as moot.

2. Petitioner Damone E. Flowers' motions for appointment of counsel are DENIED without prejudice to renew. (D.I. 21; 32.) A habeas petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501

U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, the court may seek representation by counsel for a habeas petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require"). After reviewing Flowers' motions, the state court record, and the documents filed in the instant proceeding, the court concludes that the "interests of justice" do not warrant representation by counsel at this time. Additionally, Flowers' filings in the court indicate his ability to present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted).

UNITED STATES DISTRICT JUDGE

FILED

FEB 27 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE