**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

DAMONE E. FLOWERS,        )
                                     )
            Petitioner,      )
v.                                )     Civil Action No. 06-356-GMS
                                     )
PERRY PHELPS, Warden, and     )
JOSEPH R. BIDEN, III,         )
Attorney General of the State     )
of Delaware,                )
                                     )
           Respondents.[1]   )

---

Damone E. Flowers. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

**MEMORANDUM OPINION**

Sept 22, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former warden Thomas Carroll.  Additionally, Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).



Steet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner Damone E. Flowers ("Flowers"). (D.I. 1.) For the reasons

discussed, the court will deny the petition as time-barred by the one-year limitations period

prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2000, a Delaware grand jury indicted Flowers for first degree murder, possession

of a firearm during the commission of a felony, and possession of a firearm by a person

prohibited. The charges stemmed from an August 1, 1998 shooting. Following the severance of

the person prohibited charge, a Superior Court jury found Flowers guilty of first degree murder

and possession of a firearm during the commission of a felony in October 2002. Flowers moved

for a new trial, but the Superior Court denied the motion in February 2003. The Superior Court

sentenced Flowers to life in prison without the possibility of probation or parole for the murder

and ten years for the weapon offense, and the Delaware Supreme Court affirmed Flowers'

convictions and sentences on direct appeal. *Flowers v. State,* 858 A.2d 328 (Del. 2004).

Flowers filed his first motion for state post-conviction relief pursuant to Delaware

Superior Court Rule 61 ("Rule 61 motion") in March or April, 2005,[2] which the Superior Court

rejected as non-compliant on April 27, 2005. (D.I .33, Notice of Noncompliance; D.I. 33, Del.

Super. Ct. Crim. Dkt. Entry No. 102.) Flowers filed his second Rule 61 motion on May 3, 2005.

---

[2]The Superior Court docket does not indicate the date of filing for the first Rule 61 motion. Although both the State and Flowers indicate that the Rule 61 motion was filed in April 2005, the Superior Court's "Notice of Noncompliance" states that the motion was received on March 8, 2005. *See generally* (D.I. 33.)

1

The Superior Court denied the second Rule 61 motion without prejudice on June 28, 2005

because Flowers failed to set forth his claims in summary fashion as required by Rule 61(b)(2).

*State v. Flowers*, 2005 WL 2249523 (Del. Super. Ct. June 28, 2005).   On September 20, 2005,

Flowers filed his third Rule 61 motion, which the Superior Court ultimately denied as

procedurally barred on December 13, 2005.   Flowers appealed that decision, but the Delaware

Supreme Court dismissed Flowers' appeal as untimely on April 4, 2006.   *Flowers v. State*, 2006

WL 8893268 (Del. Apr. 4, 2006).

Flowers' federal habeas petition, dated May 24, 2006, asserts the following fifteen claims

for relief: (1) Flowers did not receive a fair trial because the prosecutors offered favorable plea

agreements to potential witnesses who had been arrested in exchange for testimony; (2) Flowers'

right to a fair trial was violated because the prosecutors permitted Othello Predeoux to plead to a

reduced charge in exchange for his testimony, and the prosecutors failed to disclose the plea

agreement prior to trial;  (3) the prosecutors violated Flowers' due process rights by deliberately

misleading the court and delaying the trial proceedings so that they could further develop

Predeoux as a witness,; (4) the prosecutors improperly suggested that Flowers was a member of

the Deuce-Deuce gang and that gang members were intimidating witnesses; (5) the trial judge

failed to *sua sponte* provide a curative instruction after Flowers' family and friend were ejected

from the courtroom; (6) the cumulative errors at trial (revelation to the jury of defense counsel's

prior representation of a prosecution witness and Flowers' criminal history and admission of

hearsay evidence) resulted in a fundamentally unfair trial; (7) the fact that Ponetta Sudler,

Tyshiek McDougal, and Ohtello Predeoux claimed memory loss deprived Flowers of an effective

cross-examination in violation of his rights under the Confrontation Clause; (8) prosecutors

2

elicited false testimony from Predeoux regarding the disposition of his criminal charges; (9) prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to turn over exculpatory statements made by four different men indicating that Flowers was not the shooter or identifying another shooter in addition to Flowers; (10) the police used suggestive interview techniques, thereby causing unreliable identifications of Flowers by Vernon Mays and Matthew Chamblee; (11) trial counsel provided ineffective assistance by inappropriately withdrawing his motion for a new trial on the day of the scheduled hearing and by failing to: hire drug and identification experts; put on the planned defense; object to unreliable identifications and courtroom ejections; and address Flowers' flight or request jury instructions regarding flight; (12) Ronetta Sudler's videotaped statement should not have been admitted at trial because it was not voluntarily obtained; (13) the prosecutors recklessly elicited from the State's witness, Adrienne Dawson, that Flowers had been in jail, and the curative instruction was insufficient to cure the prejudice; (14) Predeoux's non-responsive answer to defense counsel's question revealed to the jury that defense counsel had previously represented the witness, destroying counsel's credibility with the jury; and (15) the prosecutors' opening references to the "Double Deuce Group, the 22nd Street Regulars" and a "code of silence" were not supported by the evidence and were extremely prejudicial.

The State filed an answer, arguing that the petition should be dismissed as time-barred. (D.I. 30.) Alternatively, the State contends that claims one through eleven are procedurally barred, and the remaining claims are either meritless or not cognizable on federal habeas review. As explained below, the court will deny Flowers' habeas petition as time-barred.

3

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas

petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Flowers' petition, dated May 24, 2006, is subject to the one-year limitations period

contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Flowers does not allege, nor can the

court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly,

the one-year period of limitations began to run when Flowers' conviction became final under §

2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Flowers' conviction and sentence on

August 31, 2004, and he did not file a petition for a writ of certiorari in the United States

4

Supreme Court. Consequently, Flowers' conviction became final for the purposes of §

2244(d)(1) on November 29, 2004. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir.

1999). Accordingly, to comply with the one-year limitations period, Flowers had to file his §

2254 petition by November 29, 2005. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir.

2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas

petitions).

Flowers did not file his habeas petition until May 24, 2006,[3] almost six months after

AEDPA's statute of limitations expired. Thus, the petition is time-barred, unless the limitations

period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir.

1999). The court will discuss each doctrine in turn.

## B. Statutory Tolling

Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral

review tolls AEDPA's limitations period during the time the application is pending in the state

courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir.

2000). "An application is properly filed when its delivery and acceptance are in compliance

with the [State's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

(2000). Requirements that affect the very initiation of an application for collateral review and a

court's ability to consider that application are considered conditions to filing that can foreclose

---

[3]A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison
officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir.
2003)(the date on which a prisoner transmitted documents to prison authorities is to be
considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court
adopts the date on the petition, May 24, 2006, as the filing date, because presumably, Flowers
could not have presented the petition to prison officials for mailing any earlier than that date.
*See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

5

statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Examples of such conditions to filing include rules that prescribe the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *Artuz*, 531 U.S. at 8-11. Conditions to filing also include rules which require some judicial scrutiny at the state court level to determine if the petitioner satisfied the filing requirements, not just mechanical rules enforceable by clerks. *See Pace,* 544 U.S. at 414-15; *Satterfield*, 434 F.3d at 192 ("The mere fact that a court reviewed an application before dismissing it does not necessarily mean that an application was "properly filed."). For instance, some jurisdictions may have filing requirements that impose preconditions on particular abusive filers or on all filers in general. *Artuz*, 531 U.S. at 8-9; *Satterfield*, 434 F.3d at 192.

Here, Flowers attempted to file a Rule 61 motion in March or April of 2005. However, the Superior Court sent Flowers a "Notice of Noncompliance" dated April 26, 2005 rejecting the filing because he did not sign the motion as required by Rule 61(b)(1). Therefore, Flowers' first Rule 61 motion was not properly filed for statutory tolling purposes. *See Austin v. Carroll*, 224 Fed. Appx. 161, 164 (3d Cir. Feb. 27, 2007)(non-precedential).

Flowers then attempted to file another Rule 61 motion on May 3, 2005. On June 28, 2005, the Superior Court issued an order denying the motion without prejudice because Flowers failed to assert his claims in the summary form required by Rule 61(b)(2). The Superior Court opined that:

> [u]pon close examination, and after careful consideration of Defendant's memorandum of law, the Court finds that Defendant's Rule 61 motion does not meet the requirements of Rule 61(b)(2) regarding the permitted "content" of a Motion for Postconviction Relief. Specifically, Rule 61(b)(2) provides that the motion "shall specify all the grounds for relief which are available to the movant . . . and shall set forth in **summary** form the facts supporting each of the grounds thus specified. Defendant's voluminous memorandum in

6

support of his Rule 61 motion far exceeds the purpose and the content limitations envisioned by Rule 61. Rule 61 originally was enacted to afford prisoners the right to attack collaterally their sentences and not as a substitute for appeal. In conjunction with this objective, and mindful of the importance of judicial efficiency and economy, the rule requires that the movant identify all grounds for relief at the outset of the motion in a concise, cogent, and summary manner. It is not the objective of Rule 61 to provide *pro se* defendants with a method for relief in which they may allege, in a verbose manner, all imaginable grounds for relief. . . . Defendant's memorandum is unnecessarily long, extremely redundant, and in many instances consists of lengthy diatribes of unsupported assertions. A motion under this rule is directed to the discretion of the Court. It is the Court's opinion that Defendant is able to address these arguments in a more concise and abridged fashion, which will not violate the remedial safeguards inherent to Rule 61. Pursuant to Rule 61(b)(6), the movant may amend his motion to comply with the restrictions set forth in subsection (b)(2). . . . Defendant's motion is hereby DENIED WITHOUT PREJUDICE. Defendant may amend his Rule 61 Motion for Postconviction Relief, setting forth his claims in summary form as required by Rule 61(b)(2).

*State v. Flowers*, ID No. 9808000280A, Order (Del. Super. Ct. June 27, 2005)(emphasis in original). In reaching its conclusion, the Superior Court also explicitly stated that it would not evaluate the Rule 61 motion on its merits . *Id*.

The issue before the court is whether Rule 61(b)(2) constitutes a condition to filing that can preclude statutory tolling for federal habeas purposes. The court begins its inquiry by analyzing Rule 61(b) in general, and noting that the rule consists of six subsections. Rule 61(b)(1), titled "Form of motion," prescribes a certain form for filing and requires the motion to be typewritten or legibly handwritten. Rule 61(b)(2), titled "Content of motion," requires the facts supporting each ground for relief to be set forth in summary form. The remaining subsections of Rule 61(b) set forth the following additional requirements: the number of convictions that can be challenged in a single motion (Rule 61(b)(3)); the timing of the motion (Rule 61(b)(4)); the place of filing (Rule 61(b)(5)); and how to amend a motion (Rule 61(b)(6)).

The Third Circuit recently held that Delaware Superior Court Criminal Rule 61(b)(1) constitutes a condition to filing that can preclude statutory tolling if not satisfied. *See Austin*, 224

7

Fed. Appx. at 164. After viewing the "summary form" requirement of Rule 61(b)(2) in juxtaposition to the legibility and form requirements of Rule 61(b)(1), the court concludes that Rule 61(b)(2) also constitutes a "condition to filing" for statutory tolling purposes. *See Satterfield*, 434 F.3d at 193-94; *see also Egan v. Johnson*, 2008 WL 1908772 (W.D. Va. Apr. 30, 2008)(holding that petitioner's state habeas appeal was not "properly filed" because it did not contain a list of errors as required by state rule); *Thomas v. McBride*, 2005 WL 3535157 (N.D. W.Va. Dec. 23, 2005)(holding that petitioner's state habeas petition was not "properly filed" because it did not contain the specific information required by the state rule). In turn, the court concludes that Flowers' second Rule 61 motion was not properly filed because the Superior Court explicitly denied his second Rule 61 motion for failing to satisfy Rule 61(b)(2). Therefore, the second Rule 61 motion does not trigger the statutory tolling provision of § 2244(d)(2).

Flowers filed his third Rule 61 motion on September 20, 2005. On December 13, 2005, the Superior Court denied the Rule 61 motion as procedurally barred under Rule 61(i)(4) because the claims were formerly adjudicated. (D.I. 2, Attachment.) Therefore, the third Rule 61 motion was "properly filed" for statutory tolling purposes. *See, e.g.*, *Artuz*, 531 U.S. at 8 (a state's procedural bar on the re-litigation of an issue raised on appeal or a bar to claims that could have been raised on appeal constitute conditions to obtaining relief, as opposed to conditions to filing, and therefore, do not affect whether the application was "properly filed" for statutory tolling purposes); *see also*, *Satterfield*, 434 F.3d at 192.

Flowers filed a notice of appeal from the Superior Court's decision, but the Delaware Supreme Court did not receive the notice until January 17, 2005, 5days after the 30-day appellate period had expired. The Delaware Supreme Court immediately issued an order on January 17,

8

2006 directing Flowers to explain why the appeal should not be dismissed for being untimely. Flowers filed several documents alleging why he believed his appeal should not be dismissed, and the State filed a response. Nevertheless, on April 4, 2006, the Delaware Supreme Court dismissed the appeal as untimely.

In this situation, although Flowers "properly filed" his third Rule 61 motion, he did not "properly file" his appeal from the denial of that Rule 61 motion. *See generally Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Consequently, Flowers' third Rule 61 motion tolls the limitations period from the date of filing, September 20, 2005,[4] through January 12, 2006, the date on which the 30-day period for filing a timely state post-conviction appeal expired; the Rule 61 motion does not toll AEDPA's limitations period for the remaining period during which Flowers' untimely post-conviction appeal was pending before the state supreme court. *See Cannon v. Carroll*, 2006 WL 2949302, at *3 (D. Del. Oct. 17, 2006).

At the time Flowers filed the third Rule 61 motion in September 2005, 293 days of AEDPA's limitations period had already elapsed, leaving him 72 days in which to timely file a habeas petition. The limitations clock started to run again on January 13, 2006, and continued to run without interruption until it expired on March 27, 2006. Therefore, even with statutory tolling, Flowers' filing on May 24, 2006 was approximately two months too late.

### C. Equitable Tolling

AEDPA's limitations period may also be tolled for equitable reasons if a petitioner's case

---

[4]Even if Flowers' third Rule 61 motion constituted an amendment of his second Rule 61 motion, the court concludes that statutory tolling does not start any earlier than September 20, 2005. *See Austin*, 224 Fed. Appx. at *163-64 (holding that the filing of an amended Rule 61 motion does not relate back to the filing of an improperly filed Rule 61 motion under Fed. R. Civ. P. 15(c), Del. Super. Ct. R. Civ. P. 15(c), or Del. Super. Ct. Crim. R. 61.).

9

is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. N.J. Dept. Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Flowers contends that the Superior Court arbitrarily refused to accept his second Rule 61 motion filed in May 2005, and that this arbitrary action constitutes an "extraordinary circumstance" warranting equitable tolling from May 3, 2005 through December 2005, at the very least. In a related argument, Flowers contends that equitable tolling should at least start from July 11, 2005, the date on which Flowers filed a letter in the Superior Court asking the judge to accept the second Rule 61 motion and rule upon it.

The court rejects these two arguments as specious. Delaware Superior Court Criminal Rule 61(c)(1) specifically states that a judge may direct a Rule 61 motion to be returned to a petitioner if the motion does not substantially comply with the requirements of Rule 61(b). In

10

this case, the Superior Court denied Flowers' Rule 61 motion without prejudice after explaining that the motion consisted of 133 hand written pages asserting redundant and unsupported statements. The Superior Court also noted that reviewing the voluminous filing would negate the purpose behind Rule 61 motions and adversely affect the Superior Court's efficiency. Based on this record, the court cannot discern any arbitrariness in the Superior Court's explicit denial of Flowers' second Rule 61 motion for failing to comply with the "summary form" requirement contained in Rule 61(b)(2).[5]

Flowers also asserts two arguments for equitably tolling the limitations period from January 2006 through April 4, 2006, the period during which his untimely post-conviction appeal was pending in the Delaware Supreme Court. First, he contends that prison personnel caused the delay in filing his post-conviction notice of appeal and that this delay constitutes an extraordinary circumstance beyond his control. Second, Flowers argues that he was not able to file his petition prior to the Delaware Supreme Court's April 4, 2006 decision because AEDPA requires a petitioner to exhaust state remedies before filing a habeas petition. (D.I. 36.)

The court rejects these two arguments because Flowers does not demonstrate how these "events" *prevented* him from filing a habeas petition in this court. For example, once the Delaware Supreme Court issued its show cause order on January 17, 2006 informing Flowers that his notice of appeal was filed too late, Flowers knew that the Delaware Supreme Court could ultimately reject his appeal as untimely. In turn, given Flowers' knowledge that AEDPA

---

[5]Nor can the court discern any arbitrariness in relation to the Superior Court's failure to act upon Flowers' July 2005 letter.

11

imposed a one-year filing period,[6] the show cause order provided Flowers with notice that any statutory tolling computation under § 2244(d)(2) would necessarily exclude the time during which the untimely post-conviction appeal was pending in the state courts. Although Flowers correctly asserts that a petitioner is required to exhaust state remedies before filing a habeas petition, in these circumstances, Flowers could have filed a "protective" petition in this court during the pendency of the state post-conviction appeal explaining the situation and asking the court to stay and abey the habeas proceedings until state remedies were exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

In sum, the court concludes that Flowers has failed to demonstrate any extraordinary circumstances sufficient to trigger the equitable tolling doctrine. To the extent Flowers erred in his computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).

The court also concludes that Flowers cannot satisfy the diligence requirement needed to justify equitable tolling. It is well-settled that a petitioner's obligation to diligently pursue his claims for relief applies to the petitioner's exhaustion of state remedies as well as his filing of a

---

[6]The record contains a letter from Flowers to defense counsel, dated November 29, 2004, in which Flowers states that he recently found out about the one-year filing period for federal habeas petitions. (D.I. 7, at Exh. R.)

12

federal habeas petition. *See LaCava*, 398 F.3d at 277. The record reveals that Flowers knew about AEDPA's one-year filing period before the limitations period began to run on November 30, 2004. (D.I. 7, at Exh. R.) Nevertheless, Flowers waited between seven and eight months after his conviction was affirmed by the Delaware Supreme Court in August 2004 before he attempted to file any post-conviction motions in March and April 2005. Although this delay in exhausting state remedies does not preclude equitable tolling, the court views Flowers' inaction in this respect as an example of "excusable neglect," which weighs against tolling.

Furthermore, although the Delaware Supreme Court dismissed Flowers' post-conviction appeal as untimely on April 4, 2006, Flowers waited another 55 days before filing the instant petition on May 26, 2006. Flowers does not provide any explanation for this further delay in filing his petition. Considering that eleven of the fifteen claims asserted in the instant petition mirror the claims raised by Flowers in his state post-conviction proceeding, the court views the extra 55 days for filing as demonstrating an additional lack of diligence. Accordingly, equitable tolling is not warranted, and the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is

13

not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Flowers' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Flowers' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

An appropriate order will be entered.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DAMONE E. FLOWERS,                    )
                                       )
                    Petitioner,        )
v.                                     )        Civil Action No. 06-356-GMS
                                       )
PERRY PHELPS, Warden, and             )
JOSEPH R. BIDEN, III,                 )
Attorney General of the State          )
of Delaware,                           )
                                       )
                    Respondents.       )

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Damone E. Flowers' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C

§ 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 1.)

2. The court declines to issue a certificate of appealability because Flowers has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept 22 , 2008                          _____
                                               CHIEF UNITED STATES DISTRICT JUDGE



FILED

SEP 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE